JOHN H. POILLON, DEFENDANT IN ERROR, v. ROBERT A. BRUNNER, COLLECTOR, ET AL., PLAINTIFFS IN ERROR.

Argued November 21, 1901—Decided March 3, 1902.

On error to the Supreme Court.

For the plaintiffs in error, *John M. Bell.*

For the defendant in error, *Addison Ely.*

PER CURIAM.

The judgment in this case is affirmed, for the reasons given in the opinion of Mr. Justice Fort in the Supreme Court. 37 *Vroom* 116.

DIXON, J. (dissenting). The legal question in this case is as to the true construction of section 9 of the Borough act of March 27th, 1893. *Pamph. L., p.* 460.

I think that its meaning is that the property owner has the privilege of paying one-tenth of his assessment at the end of each year after the confirmation of the assessment, but with this limitation: That, if he fails to pay any installment when

due, then, at the option of the borough, the whole of the assessment remaining unpaid becomes immediately due and collectible; that if, on default of the owner, the borough does not exercise that option and elect to have the whole residue become due, then no sale to collect can be made until the end of ten years and ninety days after confirmation, and the lien will continue for two years after the expiration of that period; but if, on default of the owner, the borough elects to have the whole residue become due, then the right to proceed to sell immediately arises and will expire in two years thereafter.

The present assessment was confirmed October 21st, 1895. No payment had been made when, on January 2d, 1900, the council ordered proceedings for sale. That order constituted the election by the borough, and was, I think, lawful.

The judgment of the Supreme Court to set the proceeding aside should be reversed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRETSON, HENDRICKSON, KRUEGER, ADAMS, VREDENBURGH, VOORHEES, VROOM.  9.

*For reversal*—DIXON, COLLINS, PITNEY.  3.