Argument for Appellant.

(May 4, 1917.)

## SCHOOL DISTRICT No. 8, IN THE COUNTY OF TWIN FALLS, STATE OF IDAHO, Respondents, v. TWIN FALLS COUNTY MUTUAL FIRE INSURANCE COMPANY, a Corporation, Appellant.

[164 Pac. 1174.]

Constitutional Law—School Districts—Insurance Contract—Estoppel.

1. A school district cannot, under sec. 4 of art. 8 and sec. 4 of art. 12 of the constitution, become a member of a county mutual fire insurance company organized under the Laws of 1911, p. 768, as amended Laws of 1913, p. 129.

2. Sec. 4 of art. 8 and sec. 4 of art. 12 of the constitution are intended to prevent any county, city, town or other municipal corporation from becoming interested in any private enterprise or from using funds derived by taxation in any manner in aid of any private enterprise, with the exceptions provided for in sec. 4 of art. 12.

3. A school district is a municipal corporation within the meaning of sec. 4 of art. 12 of the constitution.

4. The liability of a member of a county mutual fire insurance company is unlimited, and therefore a contract by which a school district seeks to become a member of such organization is void under sec. 3 of art. 8 of the constitution. *Held,* that a contract of insurance between a school district and a county mutual fire insurance company is void, and will form no basis for recovery as against the insurance company for loss by fire.

5. A county mutual fire insurance company cannot accept a member whose liability may be limited.

6. An estoppel can never be invoked in aid of a contract which is expressly prohibited by a constitutional or statutory provision.

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. E. A. Walters, Judge.

Action upon a contract of insurance. Judgment for plaintiff. *Reversed.*

Guthrie & Bowen, for Appellant.

The board not having the power to make such a contract could not create a liability against the district, and they could

be prevented from paying an assessment, particularly if beyond the statutory limitation. (*Nuckols v. Lyle*, 8 Ida. 589, 70 Pac. 401; *Hampton v. Commrs. of Logan County*, 4 Ida. 646, 43 Pac. 324; *McNutt v. Lincoln Co.*, 12 Ida. 63, 84 Pac. 1054.)

In creating legal liabilities, the board of a school district as well as the commissioners of the county must act under the law. (*Ward v. Holmes*, 26 Ida. 602, 144 Pac. 1104; *Peavy v. McCoombs*, 26 Ida. 143, 140 Pac. 965.)

Where by statute or constitution the power of a municipality or *quasi* municipality to make a contract is limited, any attempted contract beyond such limitation is void, and no recovery on an implied contract ever can be had for benefits received. No estoppel precludes the municipality from denying liability. (*Richardson v. Grant County*, 27 Fed. 495; *Fountain v. Sacramento*, 1 Cal. App. 461, 82 Pac. 637; note to 27 L. R. A., N. S., 1120, and cases cited; 20 Am. & Eng. Enc. of Law, 1182; *Thornburg v. School Dist.*, 175 Mo. 12, 75 S. W. 81; *Citizens' Bank v. Spencer*, 126 Iowa, 101, 101 N. W. 643; *Herman v. Oconto*, 110 Wis. 660, 86 N. W. 681; *Balch v. Beach*, 119 Wis. 77, 95 N. W. 132; *Gutta-Percha & Rubber Mfg. Co. v. Village of Ogalalla*, 40 Neb. 775, 42 Am. St. 696, 59 N. W. 513; *State ex rel. Helena Water-Works Co. v. Helena*, 24 Mont. 521, 81 Am. St. 453, 63 Pac. 99, 55 L. R. A. 336; *Hart v. Village of Wyndmere*, 21 N. D. 383, Ann. Cas. 1913D, 169, 131 N. W. 271.)

The rule that neither party can take advantage of the invalidity of a contract while retaining the benefits applies only to voidable contracts and not those which are void, as applied to municipalities or *quasi* municipalities. (*Independent School Dist. v. Collins*, 15 Ida. 535, 128 Am. St. 76; 9 Cyc. 325; *Stiles v. McClellan*, 6 Colo. 89; *Semon Bache & Co. v. Coppes etc. Co.*, 35 Ind. App. 351, 111 Am. St. 171, 74 N. E. 41; *Doe v. Culverwell*, 35 Cal. 291; *Fanning v. Hibernia Ins. Co.*, 37 Ohio St. 339, 41 Am. Rep. 517.)

A mutual company cannot insure beyond the limits of its charter. It cannot insure the property of persons not entitled to become members, nor in territory not permitted, nor

on property not allowed. Attempts to insure create no liability. (*Andrews v. Union Mut. Fire Ins. Co.*, 37 Me. 256; *Kansas Home Ins. Co. v. Wilder*, 43 Kan. 731, 23 Pac. 1061; *Eddy v. Merchants' Mfrs. & Citizens' Mut. Fire Ins. Co.*, 72 Mich. 651, 40 N. W. 775; *Delaware Farmers' Mut. Fire Ins. Co. v. Wagner*, 56 Minn. 240, 57 N. W. 656; *O'Neil v. Pleasant Prairie M. Fire Ins. Co.*, 71 Wis. 621, 38 N. W. 345; 28 Cent. Digest, Title Insurance, sec. 73.)

C. O. Longley and Taylor Cummins, for Respondent.

The provisions of the constitution, which prohibits cities, etc., from loaning their credit to any corporation and from becoming directly or indirectly the owners of any stock of any corporation, would not be violated by upholding this contract of insurance. (*French v. City of Millville*, 66 N. J. L. 392, 49 Atl. 465; *St. Paul Trust Co. v. Wampach Mfg. Co.*, 50 Minn. 93, 52 N. W. 274.)

The defendant should be estopped from saying either that the school district as such cannot become a member of and insured in a company constituted as the defendant company, or that the school district was not, as a matter of fact, a member of and insured by the defendant company at the time the loss in question occurred. (16 Cyc. 722, 725, 749; *People's Fire Ins. Assn. v. Goyne*, 79 Ark. 315, 9 Ann. Cas. 373, 96 S. W. 365, 16 L. R. A., N. S., 1180, and note.)

RICE, J.—This action was instituted by the respondent in the district court for Twin Falls county to recover upon an alleged contract of insurance. From a judgment in favor of respondent this appeal was taken. In the complaint it is alleged that the plaintiff below, respondent here, is a school district organized under the laws of this state; that the defendant, appellant here, is a mutual fire insurance company organized under the laws of this state and doing business in Twin Falls county. It is further alleged that the respondent applied to appellant for insurance on its school building, and that the appellant agreed to insure the same; that the building so sought to be insured was burned, and that appellant

failed to pay the insurance as agreed. To the complaint demurrer was filed, upon the ground, among others, that the complaint did not state facts sufficient to constitute a cause of action.

Under the constitution of the state, school districts are prohibited from becoming members of a county mutual fire insurance company. Sec. 4 of art. 8 of the constitution is as follows: "No county, city, town, township, board of education, or school district, or other subdivision, shall lend or pledge the credit or faith thereof directly or indirectly, in any manner, to, or in aid of any individual, association or incorporation, for any amount or for any purpose whatever, or become responsible for any debt, contract or liability of any individual, association or corporation in or out of this state." Sec. 4 of art. 12 of the constitution contains the following provision: "No county, town, city or other municipal corporation, by vote of its citizens or otherwise, shall ever become a stockholder in any joint stock company, corporation or association whatever, or raise money for, or make donation or loan its credit to, or in aid of, any such company or association."

In the case of *Atkinson v. Board of Commissioners*, 18 Ida. 282, 108 Pac. 1046, 28 L. R. A., N. S., 412, this court, speaking of sections 2 and 4 of art. 8 of the constitution, said:

"Section 2 prohibits the state in any manner ever becoming interested with any individual, association or corporation in any business enterprise, and it likewise prohibits the state in any manner loaning its credit to the aid of such an enterprise or becoming a stockholder therein; while sec. 4 makes substantially the same prohibition against any county, city, town, township, board of education, school district, or other subdivision of the county or state, ever lending its credit, either directly or indirectly, to any business enterprise in aid of any individual, association or corporation. Sec. 4 of art. 12 reiterates substantially the same thing with reference to counties and municipal corporations as is provided against in sec. 4 of art. 8. Sec. 4 of art. 12, however, specifically authorizes cities and towns to contract indebtedness for

'school, water, sanitary and illuminating purposes,' thereby excluding all other purposes not governmental in their character."

The sections of the constitution referred to are self-operative. They are intended to prevent any county, city, town or other municipal corporation from lending credit to or becoming interested in any private enterprise, or from using funds derived by taxation in aid of any private enterprise, with the exceptions provided for in sec. 4 of art. 12. It is true that sec. 4 of art. 12 does not specifically mention school districts, but when the other provisions of the constitution are taken into consideration, as well as the objects sought to be attained, it must be held that school districts are municipal corporations within the meaning of said sec. 4. (*Maxon v. School Dist.*, 5 Wash. 142, 31 Pac. 462, 32 Pac. 110; *State v. Grimes*, 7 Wash. 191, 34 Pac. 833; *Pioneer Irr. Dist. v. Walker*, 20 Ida. 605, at p. 615, 119 Pac. 304.)

In *Fenton v. Board of County Commrs.*, 20 Ida. 392, 119 Pac. 41, this court held that school districts are not municipal corporations within the meaning of sec. 6 of art. 7 of the constitution, and in that opinion the court said that it did not think art. 12 thereof included them. The holding in that case should be confined to the section of the constitution under consideration therein. It would be contrary to the intent and purpose of the constitution to hold that a school district is not included within the term "other municipal corporation," contained in sec. 4 of art. 12 thereof.

To permit a school district to become a member of a county mutual fire insurance company would be to indirectly sanction the use of public funds raised by taxation for a private as distinguished from a public purpose. The appellant company was organized under the 1911 Sess. Laws, p. 767, as amended 1913 Sess. Laws, p. 129. The purpose for which a county mutual fire insurance company may be organized is expressed in the opening sentence of said law, which reads as follows: "Twenty-five or more persons, citizens of Idaho and owning insurable property in any county in this state, may form a county mutual fire insurance company in such

county *for the purpose of insuring each other* against loss by fire, lightning, tornado, windstorm or hailstorm on property situated in the county in which the headquarters of the association are located.'' The statute further provides, with reference to articles of incorporation of such companies, as follows: ''They shall also state the objects of the organization as being one or more of the objects set forth in this section, and to enforce any contract which may be by them entered into, by which those entering therein shall agree to be assessed specifically for incidental purposes and for the payment of losses which occur to its members.'' It is further provided: ''Such company shall in no instance have power to insure the property of others than members of the company, and all the policies issued by the company must state specifically that the liability of each member is not limited.'' It is evident, therefore, that a person cannot become a member of appellant company, or any such company, without becoming an insurer of the property of other members, and his liability for the benefit of the other members will be unlimited, or limited only by the amount of insurance in force and the solvency of the members of the company.

By the terms of sec. 3 of art. 8 of the constitution, a school district is prohibited from incurring any indebtedness or any liability in any manner or for any purpose exceeding in any year the income or revenue provided for it for such year, without the assent of two-thirds of the qualified electors thereof voting at an election to be held for that purpose. The language of this section is very broad and prohibits the incurring of any indebtedness or any liability in any manner or for any purpose contrary to its provisions. It may be that a postponed contingent liability is not an indebtedness within the meaning of the section of the constitution until the contingency has occurred, but it is a liability which may become an indebtedness upon the happening of the contingency. Liabilities which are assumed by virtue of membership in a county mutual fire insurance company are not within the control of the member or limited in amount, and the contingency may occur at any time. The assumption of such liability by

a school district is contrary to the provisions of sec. 3 of art. 8 of the constitution.

It may be that the purpose of the respondent in attempting to become a member was simply to purchase insurance, and that the actual assessments which it would be called upon to pay probably would be less in amount than the fixed premiums required by regular insurance companies, but such considerations cannot prevail. The case of *French v. Mayor of City of Millville*, 66 N. J. L. 392, 49 Atl. 465, is not in point. The law incorporating the mutual insurance company involved in that case is not at hand, but it appears from the opinion of the court that though the city became a "member" of a mutual insurance company, the company was entirely different from the appellant herein, for the reason that the maximum liability of the member was always fixed, and therefore the city did not assume an unlimited liability and did not become an insurer of the other members of the corporation.

Not only is a school district prohibited from becoming a member of such insurance company, but the company itself by necessary implication is prohibited from accepting as a member any person whose liability may be limited.

It follows that there could have been no contract of insurance existing between the respondent and appellant, and this action cannot be maintained. (*Corbitt v. Salem Gas Light Co.*, 6 Or. 405, 25 Am. Rep. 541.) Respondent contends, however, that the appellant was estopped to deny the existence of the contract of insurance by reason of the fact that owing to the representations of the agents of appellant, the respondent was induced to cancel a portion of an insurance policy which had been issued upon its property. While it is doubtful whether sufficient facts to constitute an estoppel were alleged or proved in this case, yet that consideration is not important. Estoppel cannot be invoked to prevent the denial of power in a municipal corporation to enter into a contract which is expressly prohibited by a constitutional provision or a statute. (*City Council of Montgomery v. Montgomery etc. Plank Road Co.*, 31 Ala. 76; Dillon on

Municipal Corporations, 5th ed., p. 1183; *Portland v. Bituminous Paving Co.,* 33 Or. 307, 72 Am. St. 713, 52 Pac. 28, 44 L. R. A. 527; *Montgomery v. Whitbeck,* 12 N. D. 385, 96 N. W. 327; *In re Mutual Guaranty Fire Ins. Co.,* 170 Iowa, 143, 70 Am. St. 149, 77 N. W. 868; and compare *McNutt v. Lemhi County,* 12 Ida. 63, 84 Pac. 1054.)

The judgment is reversed.   Costs awarded to appellant.

Budge, C. J., and Morgan, J., concur.