# BURTON v. SCHOOL DIST. NO. 19, ET AL.

(No. 1858; December 11, 1934; 38 Pac. (2d) 610)

For the appellant, there was a brief by *Ivan S. Jones,* of Kemmerer, Wyoming.

For the respondents there was a brief by *H. R. Christmas*, of Kemmerer, Wyoming, and *Eugene Quay*, of Chicago, Illinois; both parties submitting cause without oral argument.

BLUME, Justice.

In this case, the defendant school district undertook to insure its buildings with the defendant fire insurance companies, which were mutual companies. It

agreed to pay an annual cash premium of $48.50, for a policy of $5000, and assumed a contingent liability of an assessment for an equal and additional amount, the policy providing, among other things, that:

"The contingent mutual liability of each member of this company for the payment of losses and expenses not provided for by the cash fund shall be a sum equal to and in addition to the amount of one annual premium."

The sole question argued herein is as to whether or not the contract in question is in violation of Section 6 of Article 16 of the Constitution of this state, which, in so far as applicable here, reads as follows:

"Neither the state nor any county, city, township, town, school district, or any other political subdivision shall loan or give its credit or make donations to or in aid of any individual, association or corporation, except for necessary support of the poor, nor subscribe to or become the owner of the capital stock of any association or corporation."

The trial court held that this provision was not violated in the case at bar.

It may be inadvisable for a school district to insure its property in a mutual company when it is subject to an assessment in addition to the fixed premium provided for in the policy. But that point is not in controversy here. And it may be conceded that, when the contingent liability of the district is in an unlimited amount under a contract of insurance, the constitutional provision above quoted is violated. It has been so held. School District No. 8 v. Twin Falls County Mutual Fire Insurance Company, 30 Ida. 400, 164 Pac. 1174. In this case, however, the contingent liability is limited to an amount equivalent to the fixed cash premium of $48.50. Insurance contracts of that character have been held not to be violative of a constitutional provision similar to that above quoted. Downing v.

Erie School District, 297 Pa. 474, 147 Atl. 239; French v. Mayor, 66 N. J. L. 392, 49 Atl. 465; 67 N. J. L. 349, 51 Atl. 1109; 1 Cooley, Constitutional Limitations, 469, note; McQuillan on Municipal Corporations, 2nd Ed., Sec. 2171; 1 Cooley, Briefs on Insurance, 2nd Ed., 104; 1 Joyce on Insurance, 2nd Ed., 708. In Cooley, Constitutional Limitations, supra, it is said:

"By becoming a member of a mutual insurance company a municipality does not become the owner of any stock or bonds of the company in violation of a constitutional provision prohibiting any municipality from owning any stock or bonds of any association or corporation; and by giving premium notes for the payment of assessments to meet losses incurred by such an insurance company, the municipality does not loan its credit to the company in violation of a constitutional provision against doing so."

In Downing v. Erie School District, supra, it appears that the contingent liability of the insured was limited to five times the initial payment. The question before us was discussed at great length, the court, among other things, saying:

"Our constitutional provision was designed to prevent municipal corporations from joining as stockholders in hazardous business ventures, loaning its credit for such purposes, or granting gratuities to persons or associations where not in pursuit of some governmental purpose. Taking of insurance in a mutual company with limited liability is not within the inhibition, for the district does not become strictly a stockholder, nor is it loaning its credit. It agrees to pay a fixed sum, and can be called upon for the total only in case of some unusual catastrophe causing great loss. Until this contingency arises, it is required to advance but a small portion of the maximum, and is, in effect, loaned credit as to a possible future demand by the company for the balance which may become payable. By the terms of the policy the district did not assume responsibility for losses of others insured, except as to a named and limited amount."

In French v. City of Millville, supra, the contingent liability was limited, the extent of which does not appear. The court among other things said:

"The scheme of mutual insurance in such associations does not fasten upon the members any liability which municipal corporations may not, with reasonable safety, assume, for the limit of obligation is always fixed at the time the insurance is obtained, and is rarely enforced beyond what would be charged for insurance on the nonmutual plan. By giving its premium notes, the city did not loan its credit to the company. Its promises were made for a consideration, of value beneficial to itself, and, like other assets of the company, they were purchased, not borrowed; nor did the so-called 'membership' of the insured render the city in any sense the owner of the stock or bonds which belonged to the company, or a holder of stock in the company, within the fair import of the constitutional prohibition. The right to share in a limited part of the profits of business is essentially different from the ownership of corporate stock, which represents a proportionate part of all the property of the corporation."

A contrary opinion was expressed in the case of City of Tyler v. Texas Employers' Insurance Association, (Tex. Civ. App.) 288 S. W. 409. That case cannot, however, be taken as authority upon this subject, for it appears in the opinion on rehearing in that case, in 294 S. W. 194, that the sole question before the court was as to whether or not the legislature had intended that the municipality in question was authorized to insure in a mutual company against loss under the Workmen's Compensation Act. Further, the grounds of that decision were apparently not approved by the Supreme Court of Texas.

In Johnson v. School District, 128 Or. 9, 270 Pac. 764, 273 Pac. 386, the court stated that it did not go as far as the New Jersey case above cited. The insurance policy taken out by a school district in a mutual company provided for the payment of a fixed premium

and exempted the district from any assessment for an additional amount. The Oregon court upheld the contract, stating, however, in part that "if the contract of insurance subjects the school district to a contingent liability, it is in violation of the constitution and *ultra vires.*" It would seem, however, that the mere fact that part of the liability is contingent should not be absolutely determinative of the constitutionality of the contract. Hesitant as courts are to declare an act to be in violation of the constitution, we shall go no further in this case than the facts shown herein will warrant. And following the Oregon case, we need not go as far as to hold that a school district may insure in a mutual company in all cases in which the total and ultimate liability of the district is limited. Whether or not such district would in fact lend its credit to others, would, in this case, seem to be at least partially a question of fact. If the ultimate liability is fixed in an amount largely in excess of the premium charged by the ordinary fire insurance company, it may then, perhaps, be said, that the district would to that extent lend its credit to others. But that could hardly be said to be true, if, under all the facts, such ultimate liability is not greatly disproportionate to the amount which the district would be compelled to pay as a flat premium to the ordinary fire insurance company. Whether or not such disproportion exists in the case at bar cannot be determined from the facts appearing herein, for the reason that the rate or the amount charged by the ordinary companies does not appear in the record. The duty to show an act to be in contravention of the constitution is upon him who asserts that to be true. The judgment of the district court herein must accordingly be affirmed. It is so ordered.

*Affirmed.*

KIMBALL, Ch. J., and RINER, J., concur.