[Sac. No. 4897. In Bank.—September 3, 1935.]

J. H. MILLER, Appellant, v. F. H. JOHNSON, Auditor, etc., et al., Respondents.

Nutter & Rutherford, A. P. Hayne and Frank L. Guerena for Appellant.

Guard C. Darrah and F. C. Clowdsley, District Attorneys, Ward A. Hill, Assistant District Attorney, J. Leroy Johnson, Deputy District Attorney, and Langdon & Tope for Respondents.

R. R. Fowler, District Attorney (Stanislaus County), F. O. Hoover, Deputy District Attorney, Albert E. Sheets and. Norris J. Burke, as *Amici Curiae* on Behalf of Respondents.

LANGDON, J.—This is an action by a taxpayer to enjoin the defendants from paying an insurance premium from county funds. The defendant. trustees. of Ripon Union High School District in 1933 took out a policy of fire insurance on school buildings in the principal sum of $21,000, with the defendant Farmers Mutual Protective Fire Insurance Company of San Joaquin County, a mutual fire insurance company organized under the County Fire Insurance Company Act. (Stats. 1897, p. 439, as amended; Deering's Gen. Laws, 1931, Act 3729; Deering's 1933 Supp., p. 1720.) The complaint attacks this action as illegal. Defendants filed demurrers, which were sustained without leave to amend, and plaintiff appealed. The question presented is whether a school district may in California insure school property in a mutual fire insurance company organized under our laws.

A mutual fire insurance company, under the above statute, may be organized by any number of persons not less than twenty-five, residing in any county and owning insurable property therein worth at least $50,000. Thereafter any person owning insurable property in the county or an adjoining county may become a member by insuring therein. Every member binds himself to pay his share of losses sustained by any other member. Where the policy is over $6,000, the company must reinsure the excess amount with some other company, except where it has a certain large volume of insurance on its. books, in which case the limit is progressively increased. When a loss exceeds cash on hand, the directors assess property of members in proportion to premiums. By amendment in 1933, assessments were limited to five times the amount of the premium, and this limitation clause is made a part of the standard policy.

The first contention of appellant is that a school district is not a "person" within the meaning of the County Mutual Fire Insurance Act, and for this reason cannot be a member of a mutual insurance company. It is neither necessary nor desirable to review the numerous decisions which have held, under particular circumstances, that a statute re-

ferring to "persons" applied to a school district or a municipal corporation. (See, for example, *Skelly* v. *Westminster School Dist.*, 103 Cal. 652 [37 Pac. 643]; *City of Sacramento* v. *Industrial Acc. Com.*, 74 Cal. App. 386 [240 Pac. 792]; *People* v. *City of Oakland*, 92 Cal. 611 [28 Pac. 807]; *City of Pasadena* v. *Stimson*, 91 Cal. 238 [27 Pac. 604].) In the instant case, the problem is solved by section 6.2 of the School Code (Deering's Gen. Laws, 1931, Act 7519), providing that school trustees shall have power to insure property of their respective districts "in any mutual insurance company organized under the laws of this state". Reading this in connection with the County Mutual Fire Insurance Act, and particularly section 8 thereof, which provides for issuing policies on various types of property, including "schoolhouses", the legislative intention seems entirely clear. This was, indeed, recognized by this court in *People* v. *Stanley*, 193 Cal. 428 [225 Pac. 1]. (See, also, *Dalzell* v. *Bourbon County Board of Education*, 193 Ky. 171 [235 S. W. 360].)

◼ Appellant, however, contends that section 6.2 of the School Code is unconstitutional in purporting to authorize a political subdivision to become a stockholder in an insurance corporation, and to lend its credit to a corporation, in violation of article IV, section 31, and article XII, section 13, of the California Constitution. We cannot agree with this view. The mutual fire insurance company issues no stock, and the position of a member is not analogous to that of a stockholder in an ordinary private corporation. As to the pledging of credit, this precise question has received the attention of a few courts, and an important distinction has been recognized. If the statute or policy subjects the political subdivision to a possible *unlimited assessment* to meet losses, it is objectionable under such constitutional provisions. (*School Dist. No. 8* v. *Twin Falls County Mutual Fire Ins. Co.*, 30 Idaho, 400 [164 Pac. 1174].) But where the assessments are *limited,* as here, to some such sum as five times the original premium, there is no pledging of credit by the political subdivision. It is simply an arrangement where there is a maximum contingent liability by way of premium, but only one-fifth thereof need ordinarily be paid, and the balance is never collected unless some extraordinary losses occur. The lending of credit, if any, is by the insurance company to the public body; and neither the letter nor the spirit of the Constitution is violated

by the transaction. In *Downing* v. *Erie School District*, 297 Pa. 474 [147 Atl. 239], the court distinguished the Idaho case of *School Dist. No. 8* v. *Twin Falls County Mutual Fire Ins. Co., supra,* and said "Taking of insurance in a mutual company with limited liability is not within the inhibition, for the district does not become strictly a stockholder, nor is it loaning its credit. It agrees to pay a fixed sum, and can be called upon for the total only in case of some unusual catastrophe causing great loss. Until this contingency arises it is required to advance but a small portion of the maximum, and is, in effect, loaned credit as to a possible future demand by the company for the balance which may become payable." Leading textwriters have reached the same conclusion, upholding the validity of such insurance by school districts. (See 5 McQuillin, Municipal Corporations, 2d ed., sec. 2329; 3 Dillon, Municipal Corporations, 5th ed., sec. 976; 1 Cooley's Briefs on Insurance, p. 104.)

The judgment is affirmed.

Curtis, J., Preston, J., Waste, C. J., Shenk, J., Seawell, J., and Thompson, J., concurred.

Rehearing denied.