LOUISVILLE BOARD OF INSURANCE AGENTS, By E. Ewing Carrico, President, et al., Appellants,

v.

JEFFERSON COUNTY BOARD OF EDUCATION, Appellee.

Court of Appeals of Kentucky.

Oct. 18, 1957.

Rehearing Denied Feb. 7, 1958.

James W. Stites, Wallis Downing, Louisville, for appellants.

Lucian L. Johnson, Louisville, for appellee.

WADDILL, Commissioner.

The precise question on this appeal is whether a school board may insure its property with mutual insurance companies under nonassessable policies which provide that the insured becomes a "member of the company, * * *, with power to vote * * *." The circuit court held that the appellee, Jefferson County Board of Education, had statutory authority to purchase this type of insurance, and that the constitutional objections raised by the appellants, Louisville Board of Insurance Agents, were without merit.

Section 177 of the Constitution of Kentucky provides that the Commonwealth shall not become an owner or stockholder in any company, association, or corporation. Section 179 prohibits any county or subdivision thereof, city, town, or incorporated district from becoming a stockholder in any company, association, or corporation. And KRS 304.171(2) specifically authorizes school boards to purchase mutual insurance, and to become a "member" of a mutual insurer.

Appellants contend that when appellee purchases a policy which makes the insured a "member" of the mutual company, the appellee becomes a "stockholder" in the company in violation of the constitutional prohibition. The crux of this argument is that the words "member" and "stockholder" are synonymous.

Since the case requires a construction of the constitution, we shall use an elementary aid of construction which requires the words used in the constitution be given their plain and ordinary meaning.

Webster's New International Dictionary defines "stockholder" as "one who is a holder or proprietor of stock or stocks," while a "member" is defined as "an individual who belongs to an association." Since appellee will not become an owner or holder of stock under the proposed insurance, it cannot be successfully asserted that because appellee becomes a "member" of the company under the terms of his policy appellee therefore becomes a "stockholder" in the company. Such an argument borders on sophistry.

We arrive at our interpretation of sections 177 and 179 not only by considering what we conceive to be the ordinary and commonly accepted meaning of the words used, but also by consideration of the objectives of the framers of the Constitution. These constitutional provisions were added to the fundamental law of the state to prevent the investment of public funds in private enterprises and to thereby forestall local and state tax revenues from being diverted from normal governmental channels. City of Louisville Municipal Housing Commission v. Public Housing Administration, Ky., 261 S.W.2d 286; Hager v. Kentucky Children's Home Society, 119 Ky. 235, 83 S. W. 605, 67 L.R.A. 815. This purpose will not be thwarted by the proposed action of the appellee.

Another valid reason why membership in a mutual insurance company does not render the insured a stockholder of the company is because the policy merely fixes the legal status of the parties during the life of the policy. In no manner is there the same character of interests which a stockholder has in a stock insurance company. The privilege to vote, conferred by the policies in question, is merely incidental to acquiring the insurance protection being sought.

In order for this Court to hold that sections 177 and 179 prohibit the appellee from insuring its property under the proposed insurance, we woud have to read into those sections words that are not there. Hence, we conclude that becoming a "member" of

a mutual company in the sense used in the policies appearing in this record does not make the insured a "stockholder" within the fair import of the constitutional prohibition. Clifton v. School District No. 14 of Russellville, 192 Ark. 140, 90 S.W.2d 508; Fuller v. Lockhart, 209 N.C. 61, 182 S.E. 733; Miller v. Johnson, 4 Cal.2d 265, 48 P.2d 956; Burton v. School District No. 19, 47 Wyo. 462, 38 P.2d 610; McMahon v. Cooney, 95 Mont. 138, 25 P.2d 131; City of Macon v. Benson, 175 Ga. 502, 166 S.W. 26; Downing v. School District of City of Erie, 297 Pa. 474, 147 A. 239; Johnson v. School District No. 1 of Multnomah County, 128 Or. 9, 270 P. 764; rehearing denied 128 Or. 18, 273 P. 386; French v. City of Millville, 66 N.J.L. 392, 49 A. 465, affirmed 67 N.J.L. 353, 51 A. 1109.

The judgment is affirmed.