A. Jackson LAWRENCE, Auditor of the City of Tulsa, Oklahoma, Plaintiff in Error,

v.

John E. SCHELLSTEDE, Defendant in Error.

R. S. HUFFMAN, Intervener, Plaintiff in Error,

v.

John E. SCHELLSTEDE, A. Jackson Lawrence, City Auditor of the City of Tulsa, and The City of Tulsa, a municipal corporation, Defendants in Error.

No. 38318.

Supreme Court of Oklahoma.

Jan. 19, 1960.

As Amended Jan. 22, 1960.

G. M. Fuller, Oklahoma City, Gable, Gotwals & Hays, by Ellis Gable, Darven L. Brown, City Atty., Tulsa, for plaintiffs in error.

Bradford J. Williams, Fenelon Boesche, Richard B. McDermott, T. Hillas Eskridge, Franklin D. Hettinger, Donald E. Hammer, Tulsa, for defendant in error, John E. Schellstede.

IRWIN, Justice.

John E. Schellstede brought this action against A. Jackson Lawrence, Auditor of the City of Tulsa, Oklahoma, praying for a Writ of Mandamus commanding the auditor to accept delivery of an insurance policy and record the claim for the premium due and to execute and issue a warrant therefor. An alternative writ was issued and R. S. Huffman, a resident taxpayer, was permitted to intervene and the City of Tulsa was made a party defendant. Upon hearing the cause, the alternative writ of mandamus was sustained and made permanent and absolute and the auditor was commanded to receive the insurance contract, audit and record the claim of plaintiff and to execute and issue an appropriate warrant for payment of said claim. The defendant, A. Jackson Lawrence, and the intervener, R. S. Huffman, perfected their appeal from this order. The parties will be referred to by their trial court designation with intervener classified as defendant.

### Pleadings

Plaintiff alleged he is engaged in the underwriting of insurance against casualty risks; that defendant, A. Jackson Lawrence, is the duly elected, qualified and acting Auditor of the City of Tulsa. That on December 31, 1957, the City of Tulsa, acting by and through its Mayor and Commissioners, contracted with plaintiff to buy in-

surance in the amount and upon the terms and conditions set forth in the insurance policy attached as exhibit "A" and agreed to pay plaintiff the sum of $218 in premiums. That the insurer is a mutual insurance company organized and existing under the laws of Illinois and licensed to do business in Oklahoma. That it has established the reserves and surplus required by law and is authorized by its charter and by-laws of Illinois and Oklahoma to issue and make non-assessable insurance contracts. That the contract of insurance and a verified claim for $218 were tendered and presented to the Auditor who refused to accept delivery of the insurance contract and file, audit or record the claim for the premium due and draw a warrant for payment thereof.

The Auditor answered that the action of the Commissioners in accepting the policy is invalid, unenforceable, outside the authority of the Commissioners, and contrary to Sections 15 and 17, Article X, of the Constitution of the State of Oklahoma; that the contract of insurance shows on its face the City of Tulsa, as a member is part owner of the insurer and that such is contrary to the Constitution of the State of Oklahoma.

The intervening taxpayer pleaded substantially the same as the Auditor and filed a cross petition, adopting all the allegations of the Auditor's answer and prayed for an injunction against the plaintiff and the defendants from carrying out the purported contract of insurance.

The City of Tulsa filed an answer to the cross petition of the intervener in the form of a general denial.

### Facts

All facts necessary to the determination of the action were stipulated by the parties, leaving only a question of law to be resolved by the trial court. However, for a better understanding of the contentions of the parties and the ultimate conclusion reached herein, it is necessary to set out certain provisions of the contract of insurance and of the by-laws of the insurer, attached to and made a part of the stipulation.

The contract of insurance contains the following provisions:

"item 3. Policy period. From noon of November 25, 1957 to noon of November 25, 1960.

\* \* \* \* \* \*

"item 6. Policy premium—$218.00

\* \* \* \* \* \*

"17. Mutual Policy Conditions. This is a perpetual mutual corporation owned by and operated for the benefit of its members. This is a non-assessable, participating policy under which the Board of Directors in its discretion may determine and pay unabsorbed premium deposit refunds (dividends) to the assured."

The By-Laws of the insurance company contain the following provisions:

Article 1, Section 1.

"Each policyholder of the company \* \* \* shall be a member of the Company, such membership to begin with the effective date of the policy and to continue until the termination date or cancellation date of the policy, whichever occurs first. \* \* \*"

Article V, Section 2.

"Policies of insurance shall be liable to assessment or shall be non-assessable in accordance with their provisions. There shall be no liability to assessment under any policy which does not by its terms plainly state such liability, \* \* \*".

There was printed on the back of the policy of insurance, the following: "To Our Policyholders: 'Lumbermens' is your company. By virtue of this policy you have become a member and owner of this mutual insurance corporation."

### Contentions

The defendants, being the Auditor and intervening taxpayer, contend the City of Tulsa may not become an owner of a foreign mutual insurance corporation; that the City, being a member of a mutual insurance

·corporation, would be engaged in the business of insuring risks on property, which it has no power to do; that the statutory provisions authorizing a unit of government to be a member of a mutual insurer is unconstitutional; that the money sought to be ·collected herein is not for a public purpose.

The plaintiff contends the City of Tulsa ·does not become an owner in a mutual insurance corporation and does not become an insurer of risks on property; that the Legislative enactment authorizing such insurance contracts is constitutional.

## Issue

May a municipality of this state insure its property under a fixed premium, non-assessable contract of insurance with a mutual insurance association?

## Conclusion

The determination of this issue depends upon the construction of the contract of insurance in light of the relationship of the parties and upon the application of certain constitutional and statutory provisions of the State of Oklahoma relating to the power and authority of a municipality to insure its property with a mutual casualty insurance company. Defendants contend that under Sections 15 and 17 of Article X, of the Constitution, a municipality is precluded from entering into such a contract.

Section 15, Article X, of the Constitution, provides:

"The credit of the State shall not be given, pledged, or loaned to any individual, company, corporation, or association, municipality, or political subdivision of the State; nor shall the State become an owner or stockholder in, nor make donation by gift, subscription to stock, by tax or otherwise, to any company, association, or corporation."

In Fretz v. City of Edmond, 66 Okl. 262, 168 P. 800, 804, L.R.A.1918C, 405, involving the right of the City of Edmond to donate to Central State Normal School, located in said City, 2,400,000 gallons of water annually, free of charge, it was contended such donation was in violation of Section 15, supra. In this case we said:

"It is finally urged that the action of the board is in contravention of section 15 of article 10, of the Constitution. That section, however, is an inhibition upon the state, and not upon a municipality, such as the defendant in the case at bar."

We therefore hold that the contract of insurance does not violate Section 15, supra, of our Constitution, and we will now consider the contract in connection with the statutory provisions and Section 17, supra.

The statutory provisions to be considered are: Title 19 O.S.1951 § 627, which provides that a city is authorized to insure or cause to be insured any or all of the public buildings or property owned by it. Title 36 O.S.1957 Supp. § 2115, subd. B provides any person, government or governmental agency, state or political estate, trustee or fiduciary may be a member of a domestic, foreign or alien mutual insurer. Title 36 O.S.1957 Supp. § 2119 provides that mutual insurers may extinguish or omit provisions imposing contingent liability.

Section 17, supra, of our Constitution provides:

"The Legislature shall not authorize any county or subdivision thereof, city, town, or incorporated district, to become a stockholder in any company, association, or corporation, or to obtain or appropriate money for, or levy any tax for, or loan its credit to any corporation, association, or individual."

The defendants contend that the City of Tulsa became a stockholder in, appropriated money and loaned its credit to the mutual company by purchasing the insurance policy. While these precise issues have never been determined by this Court, several states have considered them in relation to constitutional provisions like, or with similar design to our Constitution. Although the decisions of other States are not controlling, they are persuasive.

The Supreme Court of Arizona, in ·construing a constitutional provision similar to

ours, in State v. Northwestern Mutual Insurance Company, 1959, 86 Ariz. 50, 340 P. 2d 200, held that a statute providing that any government or agency, state or political subdivision may be a member of a domestic foreign mutual insurer, is not violative of the Constitutional provision, and hence a contract by a school district for a fire insurance policy with a mutual company was not invalid.

The Supreme Court of Arkansas in Clifton v. School District No. 14, 192 Ark. 140, 90 S.W.2d 508, held:

"Fire and tornado policy insuring buildings of school districts in foreign mutual insurance company which fixed definite maximum premium to be paid one half in cash and the other half by assessment, if necessary, did not violate constitutional provision against school districts becoming stockholder in any company, association, or corporation and against lending credit of school districts (Crawford & Moses Dig. §§ 6028, 6031; Const. art. 12, § 5 and art. 16, § 1)."

The Supreme Court of Kentucky in Louisville Board of Insurance Agents v. Jefferson County Board of Education, 309 S. W.2d 40, said:

"A school board may insure its property with mutual insurance companies under nonassessable policies which provide that insured becomes a member of the company with power to vote, without violating constitutional prohibition against incorporated districts from becoming a stockholder in any company or corporation. Const. §§ 177, 179."

The Supreme Court of Oregon has considered the question herein presented and in Johnson v. School District No. 1, 128 Or. 9, 270 P. 764, 765, held:

"Under Or.L. 6408, school district, by becoming holder of nonassessable policy in mutual insurance company authorized to do business in state, under section 6420, did not thereby become stockholder in the association, or loan its credit to it, in violation of Const. art. 11, § 9."

See also French v. City of Millville, 66 N.J.L. 392, 49 A. 465; Downing v. School Dist. of City of Erie, 297 Pa. 474, 147 A. 239; McMahon v. Cooney, 95 Mont. 138, 25 P.2d 131; Burton v. School Dist. No. 19, 47 Wyo. 462, 38 P.2d 610; Fuller v. Lockhart, 209 N.C. 61, 182 S.E. 733; City of Macon v. Benson, 175 Ga. 502, 166 S.E. 26, and Miller v. Johnson, 4 Cal.2d 265, 48 P.2d 956.

By Legislative enactment, the City is authorized to insure any or all of its property with a mutual insurance company and if the insurance contract does not contravene our Constitution, the judgment of the trial court must be affirmed. Certain salient features of the insurance contract are: The policy as issued is a non-assessable participating policy; the city agreed to pay a fixed sum and no unusual catastrophe could occur or a contingency arise which would increase the premium set forth in the policy and the company has no power by assessment or otherwise, to exact more than the premium stipulated; the insuring agreement is for the policy period only with the right of the city and the company to cancel said policy on notice; the city purchased no stock and no stock is involved and the city has no ownership interest which in itself can be transferred.

 Section 17, Article X, of our Constitution is a limitation, and not a grant of power, and was adopted for the purpose of preventing the investment of public funds in private enterprises. Mere membership in a mutual insurance company does not offend the constitutional limitation unless such membership would constitute a stockholder or create a liability or obligation not present in the case at bar.

We do not believe the right to share in the limited profits of the company by virtue of the possibility of receiving unabsorbed premium deposit funds (dividends) constitutes an interest in the assets or stock which represents a proportionate part of all the property of the company. It would be unduly extending the scope of the constitu-

tional limitation to hold that being a member in a mutual insurance company, by virtue of the purchase of an insurance policy contravenes the limitation, where the insurance policy contains the salient features heretofore set out.

█ We therefore hold that the City of Tulsa by purchasing the insurance policy and becoming a member of the mutual insurance company did not become stockholder in the company, association or corporation as prohibited by the Constitution and did not appropriate money for, or loan its credit to any corporation, association or individual as prohibited by the Constitution.

Defendants concede that the City of Tulsa could appropriate public funds to a corporation under contract for insurance but contends the funds sought to be appropriated herein is not for a public purpose but for a private purpose. In this connection they propose the City is acquiring an interest or becoming a stockholder in the mutual insurance company.

We hold the purchase of the insurance policy is not an appropriation of funds for a private purpose as the City is not a stockholder in the mutual insurance company.

The judgment of the trial court is affirmed.