EXPENDITURE OF FEDERAL FUNDS Expenditures of federal funds for rehabilitation loans by cities or towns does not fall within that activity which is proscribed by Article X, Section 17 of the Oklahoma Constitution where the city or town holds such monies, not in their own right, but as a conduit under a federal program. The Attorney General's office is in receipt of your opinion request wherein you ask the following question: "Does the expenditure of federal funds for rehabilitation loans by cities or towns fall within that activity which is proscribed by Article X, Section 17 of the Oklahoma Constitution?" The expenditure of federal funds for rehabilitation loans referred to in your question is provided for in Public Law 93-383,88 Statutes 633, known as the Housing and Community Development Act of 1974. The intent of Public Law 93-383 is expressed in Section 101 of the Act under Title 1. Section 101 states: "(a) The Congress finds and declares that the nation's cities, towns, and small urban communities face critical social, economic and environmental problems arising in significant measure from — "(1) The growth of population in metropolitan and other urban areas, and the concentration of persons of lower income in central cities; and "(2) Inadequate public and private investment and reinvestment in housing and other physical facilities and related public and social services, resulting in the growth and persistence of urban slums and the like and the marked deterioration of the quality of urban environment. . . ." Section 103(a)(1) authorizes the Secretary to make grants to State and units of general local government to help finance community development programs approved in accordance with the provisions of the Community Development Act of 1974. Section 105 of the Act provides for community development of programs and activities that are eligible for assistance. Section 105(a)(4) states that a community development program assisted under this Title may include only; "(4) clearance, demolition, removal, and rehabilitation of buildings and improvements (including interim assistance and financing rehabilitation of privately owned property when incidental to other activities); . . . " It is therefore clear that Section 105(a)(4) provides for assistance in some instances to privately owned properties through federal grants to cities and towns qualifying under the Act. Article X, Section 17 of the Oklahoma Constitution forbids the Legislature from authorizing cities to give aid to private individuals and corporations. Section Article X, Section 17 states: "The Legislature shall not authorize any county or subdivision thereof, city, town, or incorporated district, to become a stockholder in any company, association or corporation, or to obtain or appropriate money for, or levy any tax for, or to loan its credit to any corporation, association or individual." The Courts of Oklahoma have not issued a definitive statement concerning the question of whether that type of activity raised in your question is that type of activity which would offend Article X, Section 17 of the Oklahoma Constitution. In Lawrence v. Schellstede, 348 P.2d 1078 (1960) the Supreme Court of Oklahoma stated: "Section 17, Article X, of our Constitution is a limitation, and not a grant of power, and was adopted for the purpose of preventing the investment of public funds in private enterprises." However, the Court went on to hold that on the merits of that particular case, "Mere membership in a mutual insurance company does not offend the constitutional limitation unless such membership would constitute a stockholder or create a liability or obligation not present in the case at bar." In the issue raised in your question it is clear that the monies involved are not being permanently invested but, are part of a program of rehabilitation which may include interim financing to private individuals when that financing is incidental to other activities consistent with the program set forth under the Act. General law, relative to this question is clear in stating that constitutional provisions prohibiting such aid by a municipality to a private corporation should be construed with reference to the evils that they are intended to correct. See 64 C.J.S., Municipal Corporations, 1870, pages 427-428. However, the general law has been further qualified so as not to apply to a municipality when that municipality is not holding funds in its own right. 64 C.J.S., Municipal Corporations, 1870 states at page 432: "A constitutional provision prohibiting a municipality from making a donation to, or lending it credit in aid of . . . or private corporation has been held to apply only to municipalities holding funds or properties in their own right; . . . " Cremer v. Peoria Housing Authority, 78 N.E.2d 276 (Ill.), held that the constitutional prohibition did not apply where the municipality was acting as a conduit to effectuate a specifically legislated program. In regards to your particular question, the monies involved are grants by the federal government and not state appropriated monies. Further, a municipality is not becoming a stockholder in any corporation nor is the State Legislature authorizing the municipality to appropriate monies for private use. If either of these two concepts were present, the decision would be clearly in the negative. A further consideration is that a loan program, as interim financing must be an incidental and necessary adjunct to the public programs for which the grants were made as stated in Section 105 of the Act. Further, this opinion in no manner prohibits cities or towns receiving said grants from using Urban Renewal Authorities, housing authorities or other entities, when statutorily authorized, to effectuate the mechanics of the Act. It is, therefore, the opinion of the Attorney General that your question be answered in the negative in that expenditures of federal funds for rehabilitation loans by cities or towns does not fall within that activity which is proscribed by Article X, Section 17 of the Oklahoma Constitution where the city or town holds such monies, not in their own right, but as a conduit under a federal program. (Donald B. Nevard)