Dear Representative Ostrander,
¶ 0 This office has received your letter requesting an official Opinion addressing, in effect, the following question:
Do "shift exchange" or "duty exchange" arrangements entered intobetween a municipality and its firefighters and/or lawenforcement officers constitute a loan of credit in violation ofArticle X, § 17 of the Oklahoma Constitution?
¶ 1 The term "shift exchange" or "duty exchange" is used primarily in the public safety sector of government. This practice permits firefighters and law enforcement officers to exchange duty shifts with one another so long as both individuals have like skills, rank and compensation. In shift exchange situations, the shift is worked, the municipality pays for the work performed in accordance with a collective bargaining agreement or contract between the municipality and the firefighters and/or law enforcement officers, and both individuals receive their normal salary as if each had worked their respective shifts. The shift exchange practice has been used for many years and has been included in collective bargaining agreements between various municipalities and their firefighting and/or law enforcement employees.
¶ 2 Your question asks whether this practice constitutes a loan of credit by a municipality in violation of Article X, § 17 of the Oklahoma Constitution. This provision of the Oklahoma Constitution prohibits the Legislature from authorizing a political subdivision of the State, including cities and counties, to own an interest in, obtain or appropriate money for, or loan credit to any corporation, association or individual. The provision states:
 The Legislature shall not authorize any county or subdivision thereof, city, town, or incorporated district, to become a stockholder in any company, association, or corporation, or to obtain or appropriate money for, or levy any tax for, or to loan its credit to any corporation, association, or individual.
Okla. Const. art. X, § 17.
¶ 3 The Oklahoma Supreme Court, in interpreting this constitutional provision, has stated:
 Section 17, Article X, of our Constitution is a limitation, and not a grant of power, and was adopted for the purpose of preventing the investment of public funds in private enterprises.
Lawrence v. Schellstede, 348 P.2d 1078, 1082 (Okla. 1960) (emphasis added); see also Willow Wind v. Midwest City,790 P.2d 1067. 1070 (Okla. 1989).
¶ 4 Similarly, in Burkhardt v. City of Enid, 771 P.2d 608
(Okla. 1989) the Court held that the purchase of the Phillips University campus by the City of Enid at less than fair market value and the leasing back of the campus to the university at less than fair market value was not violative of Article X, § 17
of the Oklahoma Constitution because it provided a public benefit which constituted consideration and thereby defeated any claims that the arrangement was an extension of credit. The Court stated in part:
 These public benefits also constitute consideration to the city and refute any argument that the plan is a gift or extension of credit . . . in violation of article 10, section 17, of the Oklahoma Constitution.
Burkhardt v. City of Enid, 771 P.2d 608, 611 (Okla. 1989)
¶ 5 The Court went on to state that:
 Consideration may be measured by benefit to one party or by forbearance, detriment, loss or responsibility assumed by the other party.
Id.
¶ 6 In the issue at hand, no "investment of public funds in private enterprises" occurs. Both individuals are public employees, have like skills, rank and compensation, and receive a salary for the work they perform, albeit by exchanged duty shifts. The only limitation to this shift exchange arrangement is that the shift must be worked before payment is made. In Attorney General Opinion 84-87, it was opined that, pursuant to Article X, § 17 of the Oklahoma Constitution, salaries or payments may not be made before work is performed. The Opinion states in part:
 The question whether salaries or other contractual payments may be made in advance of performance of work . . . has been addressed in several prior Attorney General's Opinions, each of which has found such payments may not be made. See, e.g., A.G. Opin. Nos. 83-69, 81-323[.]
A.G. Opin. 84-87.
¶ 7 Therefore, since the work (shift) for which the city is paying is performed before payment is made by the municipality, there is no extension of credit by the municipality in violation of Article X, § 17 of the Oklahoma Constitution. The extension of credit, if any, is between the individuals making the shift or duty exchange. Each shift is worked by a firefighter or law enforcement officer, thereby benefiting the public through fully staffed fire and police protective service in return for payment from the municipality for the work performed.
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
"Shift exchange" or "duty exchange," which is a practice enteredinto between a municipality and its firefighters and/or lawenforcement officers whereby duty shifts may be exchanged betweenindividuals of like skills, rank and compensation but eachreceives his or her usual salary as if the regular shifts hadbeen worked, does not constitute an extension of credit by amunicipality in violation of Article X, § 17 of the OklahomaConstitution when the municipality pays after the work has beenperformed, because there is consideration between the parties,the work shifts are performed, the municipality pays for the workperformed, and there is a public benefit in having a fullystaffed fire and law enforcement service.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
STEVEN K. SNYDER ASSISTANT ATTORNEY GENERAL