J. H. RUSK, Administrator, Respondent, v. JOHN D. THOMPSON, Appellant.

Kansas City Court of Appeals, April 21, 1913.

1. ADMINISTRATION SALE: Set Aside: Notice to Purchaser. A purchaser at an administrator's sale of land under an order of the probate court, which sale has been reported and approved, is entitled to notice of an application to set aside the sale for nonpayment of the purchase price.

2. ———: ———: Resale: Difference in Bids: Liability: Opportunity to be Heard. Before a purchaser of real estate at an administration sale, who has not paid his bid, can be made liable for the difference between his bid and the bid received on a resale, he must have notice of the application to set aside the sale to him and thereby be given an opportunity to be heard.

Appeal from Harrison Circuit Court.—*Hon. G. W. Wanamaker,* Judge.

REVERSED.

*Wilson & Wilson* and *John W. Peery* for appellant.

(1) There can be no question, but the sale under which defendant purchased was a judicial sale, and the principles governing that character of sale must control. In such a sale the court ordering and approving the sale is regarded as the contracting party on one side, and the bidder on the other. Blickenderffer v. Hanna, 231 Mo. 109. (2) A purchaser at a judicial sale to be held liable for the difference between his bid and the amount for which the property is sold on the resale, must be served with a notice, or a rule awarded after the sale is reported, to show cause why he should not complete his purchase, or in default, the property is to be resold at his expense and risk. 17 Am. & Eng. Ency. Law (2 Ed.), pp. 1026, 1027, 1028 and notes; Morrison v. Brunette, 154 Fed. 622; S. C., 83 C. C. A. 391; Peirson v. Fisk, 57 N. W. 1080; S. C. 99 Mich. 43. It is well settled in this State that a purchaser at a judicial sale is entitled to notice, and entitled to be heard upon a motion to set aside such sale, and that a motion made to set aside such sale without notice to the purchaser, will be denied for that reason, and of course is not binding upon such purchaser's rights. Molloy v. Batchelder, 69 Mo. 503; Wine Co. v. Scholer, 13 Mo. App. 350; McKee v. Logan, 82 Mo. 524; St. Louis v. Brooks, 107 Mo. 382; Aurora v. Lindsay, 146

Mo. 513-516; Wauchope v. McCormick, 158 Mo. 660; Thomas v. Elliott, 215 Mo. 602. (3) The want of notice to the defendant, as the purchaser under the sale which was duly and solemnly confirmed, of the application to set it aside, is absolutely fatal to the validity of the order so far as the rights of the defendant are concerned. State ex rel. v. Walbridge, 119 Mo. 383; State ex rel. v. Holtcamp, 151 S. W. 157; State ex rel. v. Maroney, 191 Mo. 531; Gardner v. Robertson, 208 Mo. 610; Pagett v. Smith, 205 Mo. 122.

*Frisby & Frisby* and *Barlow & Barlow* for respondent.

(1) A purchaser at a judicial sale is not entitled to a notice of resale because he has by his purchase become a party to the suit and continues in court for all purposes of the action. 24 Cyc. 46; Finley v. Tyler, 37 S. W. (Ky.) 679; Vaughn v. Tealey, 39 S. W. (Tenn.) 868; Simmons v. Redmond, 62 S. W. (Tenn.) 366; State ex rel. v. Wilson, 216 Mo. 282. (2) Orders and judgments of the probate court enjoy the same presumptions in respect to validity that those courts of general jurisdiction do. They are courts of superior though limited jurisdiction whose judgments are impregnable to collateral attack. Robbins v. Boulware, 190 Mo. 47; Camden v. Plain, 91 Mo. 129; Ackerman v. Haumeuller, 148 Mo. App. 406; Smith v. Black, 231 Mo. 681; Greisel v. Jones, 123 Mo. App. 45; Jenkins v. Murrow, 131 Mo. App. 288; 17 Am. & Eng. Ency. Law (2 Ed.), p. 1033. (3) The jurisdiction of the probate court to execute its own judgment for the sale of the property in controversy could not be lost until a sale had been actually consummated under its order and according to its terms; and if the purchaser failed and refused to comply with the terms thereof and pay the purchase money, the court may, and generally will, order a resale of the property and hold the bidder liable for the deficiency. Brown v. Marshall, 241 Mo.

750; Greffeth v. Willman, 114 Mo. 120; 11 Am. & Eng. Ency. Law (2 Ed.), p. 1131; 18 Cyc. 783; 24 Cyc. 45, 46, 52.

ELLISON, J.—Plaintiff is the public administrator of Harrison county and as such, under an order of the probate court of that county, he sold at public sale a certain tract of land to the defendant for the sum of thirteen hundred dollars. The sale was reported to the probate court and was approved. Afterwards, at the same term, plaintiff filed a motion in that court to set the sale aside for nonpayment of the purchase price, and the court, by its order of record, did so. Plaintiff thereupon resold the land at public sale and it was bid in by a purchaser at eleven hundred and sixteen dollars. No notice of the filing of the application was given to defendant and he had no opportunity to be heard. This action was then brought against defendant for the difference between his bid at the first sale and the price brought at the second sale. The judgment in the trial court was for the plaintiff.

These facts, we think, show plaintiff to be without a right of action. In order to hold a purchaser for the difference between the price bid by him at a public judicial sale, and a less price subsequently obtained on a resale occasioned by his not having paid his bid, the sale to him should be properly set aside and resale ordered; and this would require that he be duly notified of the application and an opportunity thereby given him to be heard. It is true that by purchasing the property he became a party to the proceedings and would be chargeable with notice of the orders of the probate court in approving or disapproving the sale. But when, in this case, the sale was approved, defendant, as purchaser, became entitled to notice of the application to set it aside and order a new sale. A purchaser at sheriff's sale must have notice of motion

to set it aside. [Thomas v. Elliott, 215 Mo. 598, 602.] Defendant should have been notified of the time and place of the application, that he might have been heard in denial or explanation of the reasons given for setting the sale aside. [Greenwalt v. McClure, 7 Ill. App. 152; Morrison v. Burnette, 154 Fed. 617, 622, 17 Am. & Eng. Ency. Law (2 Ed.), 1026, 1027, 1028.]

Notice, it is said, "is of the essence of due process of law." [Gardner v. Robertson, 208 Mo. l. c. 610.] "And though the statutes does not, in terms, require notice, the law will imply that notice was intended." [State ex rel. v. Walbridge, 119 Mo. 383, 394; Roberts v. St. Louis Imp. Co., 126 Mo. 460, 469.] "It is a cardinal principle that whenever a party's rights are to be affected, by summary proceeding or motion in court, that party should be notified in order that he may appear for his own protection." [State v. Biesmeyer, 136 Mo. App. 668; Konta v. Stock Exchange, 150 Mo. App. 617, 620.] This rule was applied to the action of a trial court in setting aside its order granting an appeal and thereafter acting on other motions in the absence of the appellant. [State v. Sutton, 232 Mo. 244.]

The wisdom of the foregoing law is made apparent by the evidence in this case. Evidence in defendant's behalf tended to prove that he was ready and willing to pay his bid. There was a misunderstanding as to how the money was to be paid. He did not live at the county seat and had made arrangements for payment through others. Certainly the record discloses enough to make it reasonable to suppose that if he had been notified that an application had been filed to set aside the sale to him, he would have appeared with the money and demanded his deed. We think that in the absence of proper notice, no right existed to dispose of the motion by setting aside the sale; and the judgment must therefore be reversed. All concur.