(No. 11591.—Decree affirmed.)

ALBERT ALBERTS *et al.* Appellants, *vs.* THE TOWN OF DAN-
FORTH *et al.* Appellees.

*Opinion filed December 19, 1917.*

1. CONSTITUTIONAL LAW—*provision of Woman's Suffrage act for voting on propositions is valid.* The provision of section 1 of the Woman's Suffrage act of 1913, authorizing women to vote on all questions or propositions submitted to a vote of the electors, is valid as to all questions or propositions the submission of which is not required by the constitution. (*Scown v. Czarnecki,* 264 Ill. 305, followed.)

2. SAME—*when law will be held valid to the extent of legislative power.* A law which is enacted in such general terms as to apply to all conditions of fact, both those concerning which the legislature has the power to act and those beyond its constitutional power, will be held valid to the extent of the legislative power.

3. LOCAL OPTION—*women may lawfully sign local option petition.* The words "legal voters," used in the Local Option act in providing for the submission of the question of local option upon petition of the requisite number of legal voters, are not limited to those persons who were legal voters when the Local Option act took effect but include those who are legal voters when the petition is prepared, and women may therefore lawfully sign such petition.

4. ELECTIONS—*a township is a political division of the State.* A township, although a civil subdivision of the county in a county under township organization, is also a political division of the State within the meaning of the provision of the Woman's Suffrage act of 1913 authorizing women to vote upon propositions submitted to a vote of the electors in municipalities or other political divisions of the State.

DUNCAN, J., dissenting.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding.

LAWRENCE C. WHEAT, HAYES & DOWNING, H. F. RUEL, and PALLISSARD & BENJAMIN, for appellants.

J. W. KERN, State's Attorney, (JAMES G. SKINNER, of counsel,) for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Iroquois county dismissing a bill for injunction filed by appellants, as tax-payers and legal voters, to restrain the town of Danforth, in that county, the town clerk and the supervisor, from incurring certain expenses and making certain disbursements of public funds of the town. The bill alleged that a petition had been filed in the office of the town clerk under the Local Option act for the submission of the question, "Shall this town of Danforth become anti-saloon territory?" at an election to be held on April 3, 1917; that the town clerk had given notice that this question would be submitted to the voters at that election and that the ballots of women would be received upon that question. The bill further alleged that women are not legal voters within the meaning of the act, and were not authorized, under the law, to sign petitions upon which the question could be submitted to a vote; that without the signatures of women there were insufficient signatures to the petition; that the clause, "and upon all questions or propositions submitted to a vote of the electors of such municipalities or other political divisions of this State," contained in section 1 of the Woman's Suffrage act of June 28, 1913, is unconstitutional and void and does not authorize women to vote upon such questions; that a township is not one of the municipalities named and is not a political division of the State, and that women are not authorized to vote at such elections. The bill contained other allegations of the same purport attacking the validity of the Woman's Suffrage act, and sought to restrain the expenditure of any money for the printing of the proposition upon the ballots for women or for any other purpose in connection with the voting by women upon the proposition. The court denied a temporary injunction. At the March term, 1917, appellees demurred to the bill and the demurrer was sustained.

The substance of the contentions made by appellants is, (1) that the portion of section 1 of the Woman's Suffrage act set out in the bill is unconstitutional and that the question of the constitutionality of this portion of the act is an open one; (2) that women are not such legal voters as are authorized to sign local option petitions; (3) that section 1 of the Woman's Suffrage act does not apply to townships and that townships are not political divisions of the State; and (4) that section 2 of the Woman's Suffrage act only authorizes women to vote in township elections for certain officers, and that, therefore, they are not permitted to vote upon propositions submitted to the voters of the township.

Section 1 of the Woman's Suffrage act provides that women possessing certain qualifications shall be allowed to vote for certain officers therein named, among them being all officers of cities, villages and towns, except police magistrates, and concludes as follows: "and upon all questions or propositions submitted to a vote of the electors of such municipalities or other political divisions of this State." The question of the validity of this act was fully considered in *Scown* v. *Czarnecki*, 264 Ill. 305, and we there held that the act as a whole was valid. The objection urged here was urged in that case as affecting the validity of the act. While the holding in that case was made with reference to the questions there presented, we held that the legislature had the power to confer upon women the right to vote upon any question or proposition to be submitted to a vote of the people the submission of which was not required by the constitution. The question raised is no longer an open one but has been conclusively settled by the decision in *Scown* v. *Czarnecki, supra.* Even if the question had not been determined in that case, the contention of appellants that the language quoted from section 1 of the act is indivisible and that the invalid portion is not capable of being separated from the valid portion could not be sustained. A law which is enacted in such general terms as to apply to all condi-

tions of fact, both those prohibited by the constitution and those concerning which the General Assembly has the power to legislate, will be held valid to the extent of the legislative power. (*City of Chicago* v. *Wolf,* 221 Ill. 130; *People* v. *Booth Fisheries Co.* 253 id. 423; *People* v. *Rodenberg,* 254 id. 386; *Landis* v. *School District,* 57 N. J. L. 509; *Chamberlain* v. *Cranbury,* 57 id. 605; *Commonwealth* v. *Kimball,* 41 Mass. 359; *Mayor* v. *Deehcrt,* 32 Md. 369; *Murphy* v. *Wheatley,* 100 id. 358; *Pleasants* v. *Rohrer,* 17 Wis. 577; *Oliver* v. *Chicago, Rock Island and Pacific Railway Co.* 89 Ark. 466.) Under the holdings in these cases, although the legislature did not have the power to confer upon women the right to vote upon *all* questions or propositions submitted to a vote of the electors of any municipality or political division of the State, its attempt to do so is valid except as to such questions and propositions as are required by the constitution to be submitted to a vote of the electors.

The Local Option act provides that the submission of the proposition whether any designated territory shall become anti-saloon territory shall be made upon the petition of a requisite number of legal voters residing in the political sub-division to be affected. This act was approved May 1, 1907. It is contended that the only persons who were legal voters at the time of the passage of this act were those who were constituted legal voters by section 1 of article 7 of the constitution, which included only male citizens. As the legislature had the right, as held in *Scown* v. *Czarnecki, supra,* to confer the limited right of suffrage upon others than those mentioned in the constitution, it must be presumed that the Local Option act was passed with the contemplation and intention that the term "legal voters" should include those who at the time of the submission of any such proposition should be legal voters in the political subdivision affected. Any other construction would result in an absurdity, for it would be an anomaly to admit that women were entitled to vote on such a proposition and were legal

voters for that purpose but were not entitled to petition for. the submission of the question to a vote. The signatures to the petition were sufficient.

In support of their contention that a township is not a political division of the State, appellants cite the line of cases holding that a township is a civil subdivision of the county of which it is a part. While a township in a county under township organization is a civil subdivision of that county it has also been held to be a political subdivision of the State for governmental purposes and a part of the State government. (*People* v. *Martin,* 178 Ill. 611; *Heffner* v. *Cass and Morgan Counties,* 193 id. 439; *Phillips* v. *Town of Scales Mound,* 195 id. 353.) In *People* v. *Peltier,* 265 Ill. 630, we held that a high school district is a political division of the State because the territory comprising it is organized for the public advantage and the exercise of governmental functions by the support of free schools and for the levying of taxes for such support.

Counsel seek to apply the rule of *ejusdem generis,* and contend that the other political divisions referred to must necessarily mean such as had already been enumerated in section 1 of the act,—that is, cities, villages and towns. The rule sought to be invoked does not apply in this case, but even if it did, the township might well be held to be included in the term "towns," as the statute expressly provides that the corporate name of a township shall be, "The town of ........," whatever the name selected may be. There is no force in the last contention. Section 2 of the act provides that women may vote for certain named township officers and may also participate and vote in all annual and special town meetings. This does not exclude them from voting at any election held for the purpose of voting on any proposition to be submitted to the voters of the township.

The decree of the circuit court is affirmed.

*Decree affirmed.*

Mr. JUSTICE DUNCAN, dissenting.