BANK OF HARTSBURG, APPELLANT, v. MARGARET A. SAPP ET AL., RESPONDENTS.—73 S. W. (2d) 294.

Kansas City Court of Appeals. June 11, 1934.

*Harris, Price & Alexander* for appellant.

*William H. Sapp* for respondent.

REYNOLDS, C.—This cause originated in the Circuit Court of Boone County. The petition was filed January 23, 1928, by the appellant as the plaintiff therein. The respondents, Margaret A. Sapp, Simeon Efton Sapp, Elfrey N. Sapp, Ethel F. Griffin, J. D. Sapp, Josephine Wilson, and Elfrey N. Sapp, administrator of the estate of E. H. Sapp, deceased, were made parties defendant therein. A demurrer to the petition was filed by the respondents, challenging it as failing to state facts sufficient to constitute a cause of action, which was by the court sustained at the April term of the court, 1933; and thereafter, at the June term of the court, the appellant having declined to plead further, the court found the issues for the respondents and rendered final judgment for the dismissal of the petition and for respondents for costs. From such judgment so rendered, appellant prosecutes this appeal.

The petition speaks for itself and is as follows:

"Plaintiff states that it now is, and was at all times herein mentioned, a banking corporation organized and existing under and by virtue of the laws of the State of Missouri and as such is capable of suing and of being sued in all the courts of this State.

"Plaintiff for cause of action states that one E. H. Sapp, now deceased, did on the 16th day of March, 1923, by his certain promissory and negotiable note of that date promise, for value received, to pay to the plaintiff or order the sum of $2,000, payable one year after date and bearing interest at the rate of seven per cent per annum from date thereof until paid.

"That no part of the principal of said note has been paid and that interest on said note has been paid to September 16, 1932.

"That said E. H. Sapp died intestate on the 2nd day of December, 1931, leaving the defendants Margaret A. Sapp, Simeon Efton Sapp, Elfrey N. Sapp, Ethel F. Griffin, J. D. Sapp, and Josephine Wilson as his sole and only heirs at law, the defendant Margaret A. Sapp being his widow with no minor children.

"That on the 18th day of March, 1932, plaintiff presented to the Probate Court of Boone County, Missouri, for allowance, its claim against the estate of the said E. H. Sapp on said note and on the 20th day of May, 1932, said claim was by said probate court allowed against the estate of the said E. H. Sapp in the sum of $2,000 with interest at the rate of seven per cent per annum from the 16th day of September, 1931, and same was classified as a fifth class claim. In this connection plaintiff states that since said date interest has been paid on said sum to the 16th day of September, 1932, and said allowed claim should be credited with interest to said date, September 16, 1932.

"That after the payment of the first and second class claims allowed against said estate there was not sufficient personal property in said estate to pay all or any part of said claim, and that the prin-

cipal amount of said note or of said claim has not been paid, and that there is still due on said claim and note the sum of $2,000 together with interest from the 16th day of September, 1932.

"That the said E. H. Sapp, at the time of his death, was seized and possessed of the following described real estate, to-wit:

"The south half (S½) of the southwest quarter of section 7, the northeast quarter of the northeast quarter of section 18, and the east half of the southeast quarter of the northeast quarter of section 18, all in township 46, range 12, Boone County, Missouri.

"That during the August, 1932, term of the Probate Court of Boone County, Missouri, the defendants Margaret A. Sapp, Simeon Efton Sapp, Elfrey N. Sapp, Ethel F. Griffin, J. D. Sapp, Josephine Wilson and Elfrey N. Sapp, administrator of the estate of Elisha H. Sapp, deceased, brought an action in said probate court against the plaintiff herein to have commissioners appointed by said court to set off the above described real estate as the homestead of the defendant Margaret A. Sapp, and the said probate court did, during said August, 1932, term of said court appoint commissioners to set out and admeasure the homestead interest of the said Margaret A. Sapp in said real estate. That said commissioners did, pursuant to the order of said probate court, set out and admeasure the homestead interest of the defendant Margaret A. Sapp in said real estate and filed a report with said probate court setting out and admeasuring all the above described real estate as the homestead of the said Margaret A. Sapp.

"Plaintiff states that it is entitled to have said claim against said estate to be declared a lien against said real estate, subject only to the homestead interest of the said Margaret A. Sapp, but that plaintiff has no adequate remedy at law in that it cannot compel a sale of said real estate subject to the said homestead interest for the payment of the debts of said estate and cannot have execution levied against said real estate and have same sold subject to said homestead interest commuted into money without the constent of the said Margaret A. Sapp.

"That in order that plaintiff's rights in the premises be protected and preserved it is necessary that plaintiff's claim against said estate be declared a lien upon said real estate, subject to the homestead interest of the said Margaret A. Sapp, and that said lien be preserved until the death or remarriage of the said Margaret A. Sapp, at which said time plaintiff to be entitled to have execution issue against said real estate and have same sold to satisfy said debt and costs of said sale.

"Wherefore, plaintiff prays the court by its order, judgment and decree to declare that the claim of the plaintiff against the estate of E. H. Sapp, deceased, in the sum of $2,000 with interest thereon at the rate of seven per cent (7%) per annum from the 16th day of

September, 1932, be a lien against the real estate above described, subject only to the homestead interest of the defendant Margaret A. Sapp, and that said lien be preserved until the death or remarriage of the defendant Margaret A. Sapp, and that upon the death of the defendant Margaret A. Sapp that said above described real estate be subject to levy or execution and sold to satisfy said claim and the costs of sale, and for such other and further relief as to the court shall seem meet and proper in the premises.''

OPINION.

The appellant alleges as error upon this appeal the action of the trial court in sustaining respondents' demurrer to its petition and in entering judgment for the dismissal of its petition and for respondents for costs.

An examination of the petition discloses that it is sought thereby to have a claim—alleged to have been allowed by the Probate Court of Boone County in favor of appellant against the estate of E. H. Sapp, deceased, in the course of administration in such court, in the sum of $2,000, bearing interest at the rate of seven per cent per annum and classified as a fifth class claim—declared a lien upon a tract of one hundred and sixty acres of land in Boone County, of which the said E. H. Sapp was seized at the time of his death, subject to the homestead interest therein of the widow of the said E. H. Sapp who survived him, and such lien continued thereon until the death or remarriage of said widow and, upon such death or remarriage of said widow, said lands subjected to execution and levy thereunder and sold to satisfy said claim and the costs of sale.

Appellant seeks, by the petition, to state a cause of action upon the theory that the lands of the deceased E. H. Sapp, described in the petition, upon the death or remarriage of the widow, Margaret A. Sapp—there being no minor child of the deceased interested in the homestead therein—descend to his children, the respondents herein, under the Statutes of Descents and Distributions; that therefore such lands are subject to the payment of his debts, regardless of whether said debts were legally charged thereon during the lifetime of the deceased E. H. Sapp or not; and that appellant, as one of the creditors of deceased, having had his claim allowed in the probate court, has the right to subject said lands to execution and sale upon the death or remarriage of said widow for the payment of the indebtedness due it and, in the meantime, to have such right declared to be in the nature of a lien against said lands for the amount thereof.

In order to sustain the petition as stating a cause of action and to convict the trial court of error in sustaining the demurrer thereto, it must, in any event, be held that, upon the death or remarriage of Margaret A. Sapp, the widow of the deceased, the lands described

in the petition of which the deceased E. H. Sapp died seized are liable to be subjected to the payment of his debts. The appellant contends that, upon the death or remarriage of such widow—there being no minor children interested in the homestead—the lands freed thereof descend to the remaining respondents herein, the children and heirs of the deceased E. H. Sapp, subject to the payment of his debts, and that, therefore, as a creditor with an established claim in the probate court against the estate of the deceased, it has a right to subject said lands upon the death or remarriage of respondent Margaret A. Sapp to the payment of its indebtedness by execution, levy, and sale, and in the meantime, to preserve intact such right until such death or remarriage of said widow by a lien duly declared upon said lands in its favor for such purpose.

It may be doubted, however, that such is the law in Missouri under the construction given by the Supreme Court in its latest decisions. In the case of Maupin v. Longacre, 315 Mo. 872, 288 S. W. 54, l. c. 58, it was in effect held that, under Section 5857, Revised Statutes 1919, now Section 612, Revised Statutes 1929, in no event was the homestead subject to a sale for the debts of the deceased homesteader, the source of the homestead right, unless such debts had been made a legal charge thereon during the lifetime of such homesteader and that such homestead finally vested in fee simply in such of his heirs as were his children free from the payment of all his debts, other than such as might have been charged against it in his lifetime. Such is, at least, the logical result to follow from what was said in such opinion. To the same effect is the case of Nettleton Bank v. McGaughey's Estate (Mo. App.), 11 S. W. (2d) 1093.

It was held in the case of Maupin v. Longacre, supra, that the homestead statute was a "complete 'code unto itself, for the purpose of governing rights of creditors and others interested in the statutory estate known as the homestead;' " that, by such statutes, the general Statutes of Descents and Distributions, under which the heir took *sub modo* subject to the payment of his ancestor's debts and the creditor's claim was in the nature of a lien, had been displaced or cut out so far as its application to the descent of the homstead was concerned; that the homestead descended and finally vested, by virtue of the homestead statute which covered the entire field relating to homesteads, in such heirs of the homesteader as were his children, free from the claims of the ancestor's debts; and that, by the homestead statute, what had been merely a privilege or an immunity was, upon the death of the homesteader, transformed into a vested estate and such estate withdrawn from the reach of all creditors except those whose claims had been made a legal charge on the land by the homesteader during his lifetime. It was further held that the phrase "debts—legally charged thereon," used in the homestead statute, was of obvious import and clearly meant "A lien, incumbrance, or claim

which is to be satisfied out of the specific thing or proceeds thereof —." [1 Bouvier Law Dictionary, 459.]

The homestead right, directed to pass and vest by virtue of the provisions of the homestead statute, is not a mere privilege or exemption. Apt words are used to pass and vest an estate. [Brewington v. Brewington, 211 Mo. 48, 109 S. W. 723; Maupin v. Longacre, supra.] That is to say that the homestead becomes a vested estate in the lands.

In Armor v. Lewis, 252 Mo. 568, 161 S. W. 251, it was approvingly said, "It has been held that the homestead and fee are not 'two separate and divisible interests.' They must be kept together. [Bank v. Guthrey, 127 Mo. 1. c. 196.]" It follows that, if the homestead descends, upon the extinction of the interest of the widow and the minors therein, to the heirs of the deceased homesteader who are his children, free from his general debts, the fee descends with it, likewise free from his debts.

There is no allegation in the petition that appellant's claim is based upon an indebtedness which was made a charge against the real estate of the deceased homesteader during his lifetime; and, therefore, if for no other reason, it fails to state a cause of action; and the demurrer thereto was properly sustained. It is unnecessary to discuss other points presented in the briefs. The judgment is affirmed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.