CHARLES H. LIMB, GEORGE T. LIMB AND ANNA BOWLING, PLAINTIFFS, (RESPONDENTS), v. ELIZABETH BEVINS, FLORA SAWYER KLINE, LAURA SCHWENGELS, LULU FAIRBANKS, FANNIE WIESEMANN, NELLIE YTELL, FREDERICK WIESEMANN, ALEXANDER SAWYER, ALICE SAWYER, ALCO BEVINS, LAURA MORGAN, LUTTIE WILLIAMS AND EMMETT BEVINS, DEFENDANTS, (RESPONDENTS), UBBE JOHNSON, INTERVENOR, (APPELLANT).—155 S. W. (2d) 508.

Kansas City Court of Appeals. November 3, 1941.

*John J. Robison* and *Harold Miller* for appellant.

*Frank W. Armstrong* for respondents.

*A. R. Alexander* guardian *ad litem,* for Frederick Wiesemann.

558

CAVE, J.—This is an appeal from an order of the Circuit Court of Clinton County overruling the petition of Ubbe Johnson as Intervenor, which petition prayed the court to make one Charles H. Limb and George T. Limb parties defendant as executors of the estate of one James H. Limb, deceased.

The facts giving rise to this controversy are not in dispute. James H. Limb died testate on the 12th day of April, 1932, seized in fee of certain real estate, some of which was located in Clinton County, and some in other counties. At the time of his death, James H. Limb was survived by his widow, Fannie E. Limb, and nine children. His will was probated in the Probate Court of Clinton County, and his two sons, Charles H. Limb and George T. Limb, were duly appointed and qualified as executors. The first article of the will, and the part which is directly drawn in issue here is as follows:

"First: I order and direct that my executors hereinafter named, pay all my just debts and funeral expenses as soon after my decrease as conveniently may be. Should my personal property be insufficient for that purpose, my executors are hereby authorized and empowered to sell so much of my real estate as may be needed to pay such debts."

The will then provided that "after the payment of such expenses and debts," all the balance of his property of whatsoever nature, both real and personal, was bequeathed to his wife, Fannie E. Limb, for her use and maintenance during her life, and after her death to go to his children, in equal shares, with certain exceptions which are not here involved. Within a year after his death, the widow elected to renounce the will and take her dower and homestead rights. In due time a petition was presented to the probate court praying for the appointment of commissioners to set off and admeasure the widow's homestead, which was done. The 22 acres of land which is here involved was the land set off to the widow as her homestead. This was done in November, 1933. The balance of deceased's land and his personal property were sold or disposed of by the executors, but the amount received therefrom was not sufficient to pay any demands below the fifth class. The intervenor, Ubbe Johnson, on May 20, 1933, secured a judgment against the estate of James H. Limb in the sum of $1002, which was thereafter filed in the Probate Court of Clinton County, where the administration of said estate was pending, and this claim or judgment was assigned to the sixth class, because it had not been presented within the six months' period. The judgment was not

paid by the executors and has not yet been paid. The final settlement of the executors was filed and approved in the probate court on the 11th day of June, 1934.

The widow, Fannie E. Limb, died on June 1, 1939, leaving no minor children. Thereafter, the plaintiffs filed against the defendants a partition suit seeking to have partitioned the 22 acres of land which had been set off to the widow and to distribute the proceeds according to the interests acquired under the will. While that partition suit was pending, the intervenor, Ubbe Johnson, by leave of court to intervene, filed his petition praying that the executors of James H. Limb be made parties to said partition suit. The intervening petition is as follows:

"Now on this day comes Ubbe Johnson, by his attorney, and states to the Court, that in the above entitled cause, that all parties in interest are not parties to said action.

"That the estate of James H. Limb was duly administered in Clinton County, Missouri, that Charles H. Limb and George T. Limb were the duly appointed Executors.

"That said estate was inadvertently closed without completion of said estate.

"That there are unpaid demands and charges against said estate, that the said Ubbe Johnson has an unpaid demand against the estate of James H. Limb, being those under whom plaintiffs and defendants claims, and land sought to be partitioned are a part of the assets of said estate, and liable for payments of said claims and debts.

"Wherefore, the said Ubbe Johnson as a creditor of said estate, whose claim is unsatisfied, prays the Court that the Executors of said estate be made a party defendants, and that the demand of Ubbe Johnson be allowed and paid out of the lands sought to be partitioned."

After that petition was filed, the cause proceeded to trial before the court, and the court took the matter under advisement until the January, 1941, Term of court, at which time the following order was made:

"Now at this time the court takes up the motion of Ubbe Johnson to make administrator of the estate of James H. Limb a party to this suit, and the court overrules said motion and Ubbe Johnson excepts."

To that order the said Ubbe Johnson filed a motion for new trial, which was overruled, and he appeals to this court. Such other facts as are pertinent will be noted in the opinion.

Appellant urges two grounds of error committed by the court in overruling his petition. The first is that the order and proceedings setting off the homestead to the widow was a nullity and void because the record does not disclose that any notice was given to this creditor of such proceedings. The second ground of error is that the plaintiffs and defendants to the partition suit derive their interest in the land by the will of James H. Limb and that they must take the property

subject to all conditions set forth in the will, and that when the testator authorized and empowered the executors to sell "so much of my real estate as may be needed to pay such debts," he thereby encumbered all of his real estate and subjected all of his land, including the homestead, to the payment of his debts.

It is conceded by the appellant that there is no Missouri statute requiring notice to be given to a creditor of an estate when it is sought through the probate court to set off homestead to the widow and minor children, if any. However, he argues that it should be implied that notice should be given to a creditor under such circumstances because his property rights might be affected by such a procedure. To support such claim, he relies upon the cases of Miller v. Schnebly, 103 Mo. 368; Rusk v. Thompson, 170 Mo. App. 76, 156 S. W. 64; and State ex rel. Deems et al. v. Holtcamp et al., 245 Mo. 655, 151 S. W. 153. We have read those cases and do not believe they rule the point directly involved here.

In the case of First National Bank of Golden City v. Cook, 74 S. W. (2d) 846, the Springfield Court of Appeals considered the point directly at issue here, and held that such a creditor as this appellant was not entitled to notice of the proceedings to set off homestead in the probate court during the administration of the estate; that such is in he nature of a proceeding *in rem* and is binding upon the whole world. [29 C. J., p. 1031, sec. 531; 21 R. C. L., p. 1287, sec. 31; Brewington v. Brewington, 211 Mo. 48, and State ex rel. Gott v. Fidelity & Deposit Co., 317 Mo. 1078, 298 S. W. 83.] It was also held in the Cook case, *supra,* that as the estate was still in the process of administration, the proceedings to set apart the homestead was an incident of the administration of the estate, and that the notice of administration as required by statute was sufficient notice to have the appellant and all other creditors in court and that it was his duty to watch the proceedings in the administration of said estate in order to protect his interest. It is true in the Cook case that BAILEY, J., dissented, and certified that case to the Supreme Court, but said cause was dismissed by stipulation without an opinion by the Supreme Court. We believe the majority opinion in that case was correct on the question of special notice being given a creditor of proceedings in probate court to set off homestead during the administration of the estate, and will not lengthen this opinion by reviewing the reasons and authorities which are so well considered in the Cook case.

It is next contended by the appellant that since the plaintiffs and defendants in the present partition suit are claiming their rights and interest in this real estate under the will of James H. Limb, that they must take it burdened with and subject to any conditions and limitations specifically expressed by him in his will. Therefore, since by his will he authorized and empowered the executors to sell any part or portion of the real estate of which he might die seized for the payment

of his debts, and after that was done he devised all the balance of his property to his wife for life and then to his children, these parties must take said real estate subject to the payment of deceased's debts.

We understand appellant to concede that a homestead cannot be sold to pay the debts of the homesteader unless such debts be legally charged thereon during his lifetime. [Kay v. Politte, 129 S. W. (2d) 863, and Bank of Hartsburg v. Sapp et al., 73 S. W. (2d) 294.] And the respondents take the position and strenuously urge that property occupied as a homestead by the husband, who leaves a widow and adult or minor children, cannot be sold to pay debts of the deceased even after the children attain majority or die or the widow dies, and cite the two above cases together with others of similar import, and also Section 612, Revised Statutes of Missouri, 1939. That general proposition is true under the Missouri statutes and decisions of our courts. But the question in this case presents a different situation. Here, the homesteader, James H. Limb, by his will directed the sale by his executors, if necessary, of so much of his real estate as may be needed to pay his debts, and in the second clause provided that *"after the payment of such expenses and debts,* I give, devise and bequeath to my beloved wife, Fannie H. Limb, all of my property, of whatsoever nature, both real and personal, wherever situated, for her use and maintenance during her life, and after her death, and all expenses during her sickness, burial, etc., have been paid out of my estate, the remainder and residue of my estate to go to my children in equal shares,'' with certain exceptions which charge certain children with advancements theretofore made. Now, the widow renounced the will and elected to take her homestead and dower interest, and that homestead was set off to her, which could not be sold for the testator's debts during her lifetime. But she has died, and the respondents in this case are the devisees under the will and seek to have the real estate, which was set off to the widow as her homestead, partitioned and sold, and the funds derived therefrom divided among them in accordance with the terms and provisions of the will of James H. Limb. In other words, in this suit, they are asserting their interest and title under the will and not by inheritance. In so doing, they must take such property subject to all the terms and provisions of the will and not to just certain of the provisions which are advantageous to them. Appellant and respondents concede they have found no Missouri decision bearing directly on the point at issue here, and we have found none, but there are decisions from other jurisdictions which are authority for the conclusion we have reached.

In 26 Am. Jur., page 104, sec. 164, the general principle is announced as follows:

"By provision in his will the individual may charge his homestead property with the payment of debts. However, an intention to charge debts upon the land is not derivable from a general direction in the

will that the testator's debts be paid. Nor will the use of merely formal phrases make a devise of homestead property subject to the payment of debts. To do this, the language employed in the will must be unequivocal and imperative;'' citing many cases from other jurisdictions.

In 29 C. J., page 929, sec. 341, the same general principle is announced with citations, as follows:

''Under the rule that a homesteader may dispose of the homestead property, and that such disposal by him is not a fraud on his creditors, he may make a testamentary disposition of the homestead free from liability for his debts. However, he may charge the devise with conditions such as the payment of debts and legacies, and expenses of administration, subject, however, under some statutes to the widow's right of exemption if she elects to assert it; but a mere devise of the homestead, although permitted by statute, will not, in the absence of such special provision, have this effect. To make the devise subject to the payment of the testator's debts, the language must be unequivocal and imperative.''

For a further discussion of this general proposition, we refer to the case of Luckenbill et al. v. D. W. Bates, 103 A. L. R. 252, and annotations following.

From a careful reading of the opinions of other jurisdictions, we conclude that the weight of authority is that a mere general direction in a will to the executors to pay all just debts and funeral expenses does not have the effect of subjecting the homestead to the claims of creditors of the deceased. But where the language is unequivocal and clear, then we think the devisees who take the property under the will must take it subject to the payment of deceased's debts, and since the respondents herein are asserting their right and title to this real estate under the will of James H. Limb, deceased, they must take it burdened with whatever specific charges or limitations he placed thereon. Therefore, we conclude that the trial court was in error in not making the executors or the survivor thereof parties to this suit for the purpose of litigating and determining the creditor's right to have his allowed demand paid from the sale price of the real estate here involved. We do not, at this time, decide the validity of the creditor's claim, because such matters are not at issue in this case.

For the reason given, this cause is reversed and remanded. All concur.