ADAM ADDISON AND STELLA ADDISON,
*Plaintiffs and Respondents,*

vs.

KENNETH O. FLEENOR AND EMMA ALICE
FLEENOR,

*Defendants and Appellants.*

(No. 2416; August 25th, 1948; 196 Pac. (2d) 991.)

For the Defendants and Appellants, the cause was submitted upon the brief of Franklin B. Sheldon of Riverton, Wyoming.

For the Plaintiffs and Respondents, the cause was submitted upon the brief of Donald Spiker of Riverton, Wyoming.

## OPINION

BLUME, Justice.

This is an action for a declaratory judgment. It appears herein that one John D. Carmichael died testate on December 18, 1923 in Fremont County, Wyoming, and was the owner of Lots 15 and 16 in Block 24 of the Town of Riverton in Fremont County, Wyoming. He left certain bequests to his brothers and sisters and the residue of his estate to his wife, Blanche Carmichael. The decedent's will was admitted to probate and an administrator with the will annexed was appointed on February 17, 1924. By order of the court made on June 25, 1924, the property was set off to Blanche Carmichael as a homestead pursuant to a petition filed by her. On November 29, 1926, a decree of final settlement and distribution was made in the estate and the administrator with the will annexed was discharged. The files in the estate do not disclose that notice to creditors or notice in connection with setting off the homestead to the widow was ever given or published as required by statute. It further appears that subsequent to the final settlement of the estate, the plaintiffs and respondents, Adam Addison

and Stella Addison, obtained title to the property. They entered into a contract with the defendants and appellants herein, Kenneth O. Fleenor and Emma Alice Fleenor, for the sale of Lot 15 above mentioned, agreeing to furnish the purchasers with a merchantable title. When the title was examined, the purchasers objected thereto for the reason that the requisite notices as above mentioned were not given. The sellers however maintained that the title was validated by virtue of Section 6-2309 W. C .S. 1945, reading as follows: "In any estate, wherein a decree of final settlement and distribution is or has been entered by any court of this State it shall, after ten (10) years from the date of such decree, be conclusively presumed that all notices required by law have been published for the times and in the manner required by law." The court held the contention of the plaintiffs herein to be correct and entered a decree that the title to the property was merchantable. From that decree, the defendants have appealed to this court.

Counsel for both parties in the case regard the statute in question as a curative act. The court also so treated the enactment. Hence we shall, for the purpose of this case, consider the statute in the same light in rendering this decision. A curative enactment may validate any proceeding which the legislature might have authorized previously, or may make immaterial anything which it might have admitted in the original act. State ex rel. vs. Snyder, 30 Wyo. 287, 301, 219 Pac. 735. Some notice in probate proceedings, however, even though they are proceedings in rem or in the nature of proceedings in rem, is essential in order to constitute due process of law, and in the absence of any notice whatever, they are void. 1 Bancroft's Probate Practice, page 91; 16 C. J. S. 1252-1253; Freeman on Judgments (5th Ed.) Section 1530; Carter vs. Frahm, 31 S. D. 379, 392; 141 N. W. 370; Woodruff

vs. Taylor, 20 Vt. 65; Herman on Estoppel and Res Judicata, Section 291; 50 C. J. S. 549-550. In other words, the requirement that some notice be given is jurisdictional. The legislature cannot, by a curative act, validate jurisdictional defects. It cannot by such act inject life into a proceeding which, for total want of notice, is lifeless. 59 C. J. 1178-1179; 16 C. J. S. 875 and subsequent pages; Patton on Titles, Section 58; 2 Cooley, Constitutional Limitations (8th Ed.) 790-792. In Dunkum vs. Maceck Bldg. Corp., 256 N. Y. 275, 176 N. E. 392, the court said: "The legislature cannot, however, by its fiat make legal a deed which was theretofore absolutely void because of jurisdictional defects. A curative act enacted for such a purpose is unconstitutional and void. It is an attempt to deprive the owners of the land of their property without due process of law." In 59 C. J. 1179, it is said:

"They (curative acts) are effective to cure all defects resulting from a failure to comply with provisions which are merely directory of the mode of the exercise of the power, and operate to render immaterial a portion of prescribed proceedings which the legislature could originally have dispensed with, but which, as the law stood, were material and rendered the proceedings void. However, curative acts cannot cure a want of authority to act at all, so that defects and omissions which go to the jurisdiction of a board to act at all and which make their action absolutely void cannot be cured in this manner. In no case will a curative statute be construed to validate acts which the legislature could not have previously authorized, and in no event will their retrospective operation be construed to deprive third parties of vested rights."

The statute in question here is all-inclusive and creates a conclusive presumption that all notices required by law have been published for the times and in the manner required by law. That includes notices which are jurisdictional, that is to say, notices which

are essential in order to constitute due process of law, and in that respect, the statute considered as a curative act cannot be upheld. However, a statute may be constitutional in part and unconstitutional in part. It is said in Alberts vs. Town of Danforth, 281 Ill. 521, 118 N. E. 33, that a law which is enacted in such general terms as to apply to all conditions of fact, both those prohibited by the constitution and those concerning which the legislature has the power to legislate, will be held valid to the extent of the legislative power. In State ex rel. vs. Ross, 31 Wyo. 500, 512, 228 Pac. 636, this court stated:

"A statute clearly unconstitutional as to certain persons or things, but constitutional as to others, may be sustained as to the persons or things to which it may be applied without conflict with the constitution, if it be believed that the legislature would have enacted the statute with the unconstitutional parts eliminated."

And see the review of our cases and those of other states in the case of Hanson vs. Town of Greybull 63 Wyo. 467, 183 Pac. 2d 393. In view of the fact that the legislature of this state undertook to legislate as to all notices in probate proceedings, there is no reason to think that it would not have validated proceedings in so far as they are non-jurisdictional.

We are here dealing with notices to creditors and notice to set aside a homestead, and the decision herein is confined to them. These notices would be jurisdictional, unless they were perchance non-jurisdictional because the court already had jurisdiction of or against the parties and of the subject matter by reason of some notice in the probate proceeding previously given. The record before us makes no specific reference to such previous notice. It appears, however, that the last will and testament of John D. Carmichael was admitted to probate and that an administrator with the will annexed was appointed. No question as to the

title to the property involved herein is raised other than already mentioned. So we are, perhaps, justified in assuming that the will was admitted and the appointment of an administrator with will annexed was made pursuant to notice previously given, so as to duly initiate the probate proceedings in the estate. We are basing the decision herein upon that assumption, and so shall inquire into the status of the notices which were not given as above mentioned in the light of that fact.

We shall first consider the notice to creditors. The question was considered in the case of Davey vs. McShane, 47 S. D. 265, 197 N. W. 680. The court held that jurisdiction in connection with the probate proceedings in that case was duly initiated by notice given of the hearing of the petition for letters of administration. Such letters were issued, as we understand the case, and an imperfect notice to creditors was given. In that state, the general statute of limitations was six years. The court stated, among other things, as follows:

"More than six years had elapsed since the closing of the estate. If there were any creditors they should have petitioned for a new administration. The statutory period of limitations having run since the final decree, and no proceedings having been taken for further administration, it should be conclusively presumed that there were no creditors.

"It is not the policy of the law to extend the time indefinitely for creditors to file their claims against the estate of a deceased person. Under the provisions of the law creditors have it in their power to expedite action on their claims. In the first place, we can see no reason in the law why a creditor may not file his claim with the administrator immediately after the issuance of letters of administration, and without waiting for the publication of notice to creditors. But, in case a creditor should be of the opinion that he could not file his claim until such notice were given, he may

proceed summarily to compel the administrator to give such notice. In case no other party interested in the estate applies for letters of administration within a reasonable time, when the creditor himself may apply for and receive such letters, and expedite the payment of claims as fast as the law and circumstances will permit. So that there is no excuse whatever why the administration of estates should be delayed by the failure of creditors to assert their claims, and, where a creditor has permitted the full six-year period of the statute of limitations to elapse, then he should be estopped by his laches from asserting such claim."

The statement of the foregoing case to the effect: "It is not the policy of the law to extend the time indefinitely for creditors to file their claims against the estate of a deceased person" was cited with approval in the case of Federal Land Bank vs. Bonnett, 226 Iowa 112, 284 N. W. 97. In 3 Bancroft's Probate Practice, page 1462, it is stated:

"It is well settled that claims may validly be presented before the giving of notice to creditors. Notice to creditors is given merely for their convenience and in order to limit the time for presenting claims, so that the representative may close the estate. There is therefore nothing to prevent a creditor from presenting his claim as soon as an administrator has been appointed and qualified."

See also Roth vs. Holland, 56 Ark. 633, 20 S. W. 521, 35 Am. St. Rep. 126. Under our statute, Section 6-1603, all claims whether due or not, or whether contingent or not, must be filed or exhibited within the time limited in the notice given to creditors. According to Section 6-915, a creditor may apply for letters of administration within the period of two years if none have been previously issued, but he is not permitted to do so after the expiration of two years after the death of the decedent. Section 6-916 provides: "If such letters are not issued within the time hereinbefore specified, all claims of creditors shall be forever barred,

and the purchasers of the property of the decedent from the heirs of such decedent shall in such case take the title free from any claim of creditors." These provisions clearly show that the statute contemplates that claims of the estate shall be presented promptly, and since they could have been filed before notice to creditors was given, we see no reason why we should not adopt the rule of the South Dakota case supra. The longest period provided by our statute of limitations in this state is ten years. See Section 3-502, W. C. S. 1945 and subsequent sections. If then, claims of creditors are barred by the general statute of limitations of not more than ten years, we see no reason why any constitutional rights in that connection were invaded by reason of the provisions of Section 6-2309 supra.

We shall next consider the failure to give notice of setting aside the homestead to the widow. We said in connection with that in Kiesel vs. Henecker, 35 Wyo. 300, 306, 249 Pac. 81, as follows: "A petition asking therefor must be filed, a notice must be given to all interested parties and a hearing must be had. The statute, accordingly, necessarily contemplates that the parties notified are entitled to be heard and to resist the claim made in the petition." But we there considered the statutory provisions and no such question as involved here was involved in that case. In Re Bette's Estate, 171 Cal. 583, 153 Pac. 949, the court referred to the petition and notice in such a proceeding as jurisdictional requisites to the action of the court. But that case, too, did not involve the question here considered. In Re Bump's Estate, 152 Cal. 274, 92 Pac. 643, the question was considered as to whether or not the homestead might be set aside without notice to the heirs, devisees or legatees, when jurisdiction of the probate proceedings had already been acquired by other notices. The court said in that connection:

"The contention is made that the provisions of sections 1464 to 1468, inclusive, of the Code of Civil Procedure, in so far as they authorize the making of orders setting apart exempt property and a homestead to the widow and for the payment of money to her out of the estate for her support, without notice to the heirs, devisees, or legatees, are in conflict with the fourteenth amendment of the Constitution of the United States, and with the state Constitution, because they would operate to deprive such heirs, devisees, or legatees of their property without due process of law. The proposition is groundless. The making of such orders without notice is a part of the statutory proceeding for the administration of the estate, which is initiated by the giving of a general notice as prescribed in sections 1303, 1304, and 1373 of the Code of Civil Procedure. These notices constitute due process of law, and are sufficient to give the court jurisdiction to make all the subsequent orders in the proceeding, as to which special additional notice is not required. The right of inheritance and testamentary disposition is entirely the creation of the statute, and the heirs, devisees, and legatees take the property subject to such burdens as the Legislature has seen fit to impose upon it, among which is the burden of supporting the widow and children of the deceased, whenever the court having jurisdiction of the administration of the estate shall make an order to that effect. The Legislature had full power to provide that a part of the estate should thus be subject to the order of the probate court without notice, other than the general notice of the application for administration thereon."

Similar in effect is the case of Otto vs. Long, 144 Cal. 144, 77 Pac. 885. See also In Re Dougherty's Estate, 34 Mont 336, 86 Pac. 38.

These cases relate to the rights of heirs, devisees, and legatees, but we see no good reason why the same rule should not, under like circumstances, apply to other claimants of the estate, including creditors. And, in fact, it has been so held in First National Bank vs. Cook, (Mo. App.), 74 S. W. 2d 846. There the Spring-

field Court of Appeals had the question before us under consideration, and the court concluded:

"The plaintiff cites several cases to the effect that notice is required in all proceedings where life, liberty or property may be affected. We do not set those cases out here, but we agree with the principles therein expressed, and hold that the notice of administration given in this case was sufficient to bring the plaintiff into court. 12 C. J. § 1006, p. 1229. The setting apart of homestead to the widow and minor children is in the nature of a proceeding in rem, and is binding upon the whole world."

One of the judges dissented. The same question came before the Kansas City Court of Appeals in the case of Limb vs. Bevins, 236 Mo. App. 556, 155 S. W. 2d 508. In that case, the court said, among other things:

"In the case of First National Bank of Golden City v. Cook, 74 S. W. 2d 846, the Springfield Court of Appeals considered the point directly at issue here, and held that such a creditor as this appellant was not entitled to notice of the proceedings to set off homestead in the probate court during the administration of the estate; that such is in the nature of a proceeding in rem and is binding upon the whole world. * * * It was also held in the Cook case, supra, that as the estate was still in the process of administration, the proceedings to set apart the homestead was an incident of the administration of the estate, and that the notice of administration as required by statute was sufficient notice to have the appellant and all other creditors in court and that it was his duty to watch the proceedings in the administration of said estate in order to protect his interest. * * * We believe the majority opinion in that case was correct on the question of special notice being given a creditor of proceedings in probate court to set off homestead during the administration of the estate, and will not lengthen this opinion by reviewing the reasons and authorities which are so well considered in the Cook case."

In the case of Manning vs. Alcott, 137 Wash. 13, 241 Pac. 287, the court stated:

"Objection is made to the setting aside of the homestead to the respondent, for the reason that no mention is made of a notice having been given of the hearing on the petition for the homestead. Section 1473, Rem. Comp. Stat., provides that homesteads shall be set over 'upon such notice as may be determined by the court.' * * * under the section as quoted, the matter of notice is one that is left to the determination of the court, and, if no notice was given, it must be conclusively presumed that the court determined that no notice was necessary."

See also In Re Palomares Estate, 63 Cal. 402. The foregoing cases show the non-jurisdictional character of the notice to set aside the homestead under the assumption above mentioned, the want of which, accordingly, could be healed by a curative legislative enactment.

The judgment of the district court should accordingly be affirmed and it is so ordered.

*Affirmed.*

RINER, *C. J.*, and KIMBALL, J. Concur.