Adam KUNTZ, Appellant (Plaintiff below),

v.

Lillian KINNE, as administratrix of the Estate of Paul Kinne, deceased, Appellee (Defendant below).

Lottie KUNTZ, Appellant (Plaintiff below),

v.

Lillian KINNE, as administratrix of the estate of Paul Kinne, deceased, Appellee (Defendant below).

Nos. 3244, 3245.

Supreme Court of Wyoming.

Sept. 15, 1964.

Hamilton & Andrews. and Charles E. Hamilton, Riverton, for appellant.

Hettinger, Leedy & Harrington and John Harrington, Riverton, for appellees.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

The facts in this matter sufficiently exhibit the nature of the appeal.

Appellants claim they were injured on August 8, 1959, because of the negligent operation of motor vehicle by deceased, who was killed in the accident. On May 27, 1963, deceased's widow qualified as the administratrix of his estate and on the same day appellants filed their creditors' claims against the deceased for their injuries. Later the administratrix published the usual notice to creditors. When appellants' creditors' claims were rejected, they brought suit against the administratrix. The administratrix moved for and was granted summary judgment, the court finding there was no genuine issue of any material fact and, relying on § 2–104, W.S. 1957, appellants' claims were barred.

Although § 2–103, W.S.1957, is not mentioned in the judgment its provisions are

referred to in § 2–104, and, therefore, both of these statutes are set forth in full.

Section 2–103:

"In case letters testamentary or of administration on the estate of a decedent shall not have been theretofore issued upon the request of any other person, any creditor of the decedent may apply for letters of administration at any time within two years after the death of decedent, but not afterwards. In case letters shall not have been issued upon the estate of any person, who has died prior to the passage and approval of this act [§§ 2–103, 2–104], creditors of such decedent may apply for letters of administration within two years from the date upon which this act takes effect and is in force, but not afterwards."

Section 2–104:

"If such letters are not issued within the time hereinbefore specified, all claims of creditors shall be forever barred, and the purchasers of the property of the decedent from the heirs of such decedent shall in such case take the title free from any claim of creditors; provided that this act [§§ 2–103, 2–104] shall not affect the lien upon encumbered property secured by valid mortgage or deed of trust in the case of real property, or by valid pledge accompanied by delivery of possession or by chattel mortgage or by conditional sale in case of personal property."

Appellants contend that § 2–104 is not a statutory bar to a claiming creditor of an estate but rather the statute, taken as a whole, clearly reveals it as a mere curative act, intended only to release the estate's properties from liens created by operation of law, and, being merely a curative act, it cannot deprive creditors of their rights inasmuch as their rights were not granted by legislative act. Appellants offer no authority to justify their conclusion. It seems without merit. Appellants further claim that notice is an element essential to due process, even in proceedings in rem, citing 16A C.J.S. Constitutional Law § 619, p. 800, which notes Addison v. Fleenor, 65 Wyo. 119, 125, 196 P.2d 991, 992, where it is said, "Some notice in probate proceedings, however, even though they are proceedings in rem * * * is essential in order to constitute due process of law, and in the absence of any notice whatever, they are void."

Appellants also deny § 2–104 is a nonclaim statute such as is § 2–221, W.S.1957, which latter statute bars claims of creditors after notice given and failure to file the claim within time fixed by such notice.

Another claim of appellants is that if § 2–104 should be interpreted to be a general limitation against the bringing of action upon creditors' claims after two years following decedent's death, that limitation is tolled by the provisions of § 2–228, W.S. 1957, which is as follows:

"The time during which there shall be a vacancy in the administration must not be included in any limitations herein prescribed."

A curative act is said to be "One * * * enacted to cure past irregularities which are not jurisdictional," Dunkum v. Maceck Bldg. Corporation, 227 App.Div. 230, 237 N.Y.S. 180, affirmed 256 N.Y. 275, 176 N. E. 392, 396; "'in the ordinary sense of that term, is a retrospective law, acting on past cases and existing rights.'" Inhabitants of Otisfield v. Scribner, 129 Me. 311, 151 A. 670, 671; "'one intended to give legal effect to some past acts or transactions which are ineffective because of neglect to comply with some requirement of law.'" Carle v. Gehl, 193 Ark. 1061, 104 S.W.2d 445, 447. Of similar import are expressions in numerous other cases such as Anderson v. Lehmkuhl, 119 Neb. 451, 229 N.W. 773, 777; Schamblin v. Means, 6 Cal.App. 261, 91 P. 1020, 1022, citing Baird v. Monroe, 150 Cal. 560, 89 P. 352, 354, rehearing denied 207 U.S. 580, 28 S.Ct. 257, 52 L.Ed. 349; McSurely v. McGrew, 140 Iowa 163, 118 N.W. 415, 416, 132 Am.St.Rep. 248. See also 10 Words

and Phrases, Curative Act and Curative Statute, p. 665 (1940).

 Thus it is clear that § 2–104 is a curative act in that it purports to give legal effect to conveyances from heirs to purchasers of estate properties in cases where letters have not been issued within two years from date of decedent's death. But, although § 2–104 is curative, that does not necessarily preclude it from also being a limitation bar. If meaning is to be given to all words used in the statute, we must give consideration to its use of the words "shall be forever barred." See State ex rel. Benham v. Cheever, 71 Wyo. 303, 257 P.2d 337, 340–341; Texas Co. v. Siefried, 60 Wyo. 142, 147 P.2d 837, 842, rehearing denied 150 P.2d 99; Radalj v. Union Savings & Loan Ass'n, 59 Wyo. 140, 138 P.2d 984, 996, rehearing denied 141 P.2d 856. As a curative act, those words may be unnecessary and surplusage, but as an act of limitation they are essential and their use indicates a positive legislative intent to bar creditors' claims after the lapse of two years following a debtor's death in cases where there has been no probate. Section 2–104 is therefore held to be not only a curative act but also to be a special statute of limitation.

 Little need be said respecting § 2–104 being a nonclaim statute. It is not. A nonclaim statute is one which bars a creditor's claim for failure to file within a time fixed by notice given in a probate proceeding. The question here presented involves the failure to present creditors' claims within two years after decedent's death, during which time no probate proceedings were had and consequently during which no notice to creditors to present their claims had been given, and the further question of the effect, if any, of a timely filing of creditors' claims in response to a notice to creditors published during a probate proceeding instituted after the lapse of more than two years following decedent's death.

The key to these questions then is not found in the neglect to file creditors' claims within a time certain after proper notice to do so has been given. The sole answer sought is whether creditors' claims are barred by § 2–104 after two years from decedent's death. This question is far removed from nonclaim.

 Whether the two-year period of limitation imposed by § 2–104 should be subject to further toll under the provisions of § 2–228, does present somewhat of a puzzle, but when it is considered that the very purpose of § 2–103 is to give creditors opportunity to protect their rights within a limited time only, and that we now hold § 2–104 to be not only curative but also a special limitation upon the time for assertion of creditors' claims, consistency will not admit of saying § 2–228 shall further extend the time within which these rights may be asserted by adding the further toll provided by § 2–228. Such a holding would render ineffective the special limitation given by § 2–104. Furthermore, to give that effect to § 2–228 transgresses the fundamental rule of statutory construction and interpretation that legislative acts dealing with related matters must be considered in pari materia and the meaning of each such statute be correlated so as to give intelligent meaning to both whenever possible. This is upon the premise that the legislature will not be presumed to intend futile things. See Brinegar v. Clark, Wyo., 371 P.2d 62, 64.

Additionally, the exact wording of § 2–228 must be considered. When this is done it is immediately plain that the tolling of that section applies only to limitations "herein prescribed." Those limitations therein prescribed do not include the special limitation of § 2–104, which latter statute was enacted long after § 2–228.

 As to the appellants' contention that notice is an essential element of due process and the implication that § 2–104 is, therefore, unconstitutional, we may observe that the authorities presented are neither germane nor persuasive. It is elementary that a person claiming unconstitutionality of a statute has the burden of proving,

such contention, Burton v. School Dist. No. 19, 47 Wyo. 462, 38 P.2d 610, 612, and that courts will not declare a statute unconstitutional unless the unconstitutionality is clear, War Memorial Hospital of District No. 1, Park County v. Board of County Commissioners of County of Park, 73 Wyo. 371, 279 P.2d 472, 475.

The judgment of the district court is affirmed.

Affirmed.