Dear Honorable Scott,
The Attorney General has received your requests for an official opinion asking, in effect:
 1. Under the provisions of the Oklahoma Abstractors Law, 74 O.S. 227.10 et seq. (1984), and specifically 74 O.S. 227.23 thereof, is a county clerk required to allow abstractors sufficient space in the county offices to use private photostatic reproducing equipment for copying public instruments affecting real estate?
 2. Under 74 O.S. 227.23, may the county clerk validly require that all copies of records in his custody made by abstractors be made on a county-owned copying machine, and charge a fee therefor?
 3. Under 74 O.S. 227.23, is the county clerk required to permit an abstractor to have a private telephone line for business purposes?
 4. Are the provisions of 74 O.S. 227.23 constitutional in light of Article X, Section 17 of the Oklahoma Constitution?
In 1984, the Legislature enacted the Oklahoma Abstractors Law, codified now at 74 O.S. 227.10 et seq. (1984). This new scheme established a far-reaching regulatory program for abstractors under the general supervision of the State Auditor and Inspector. See, 74 O.S. 227.12, 74O.S. 227.13 (1984).
An integral part of this comprehensive program is the requirement, for the first time in state history, that any person seeking to engage in the business of abstracting be licensed by the Auditor and Inspector. See, 74O.S. 227.14 (1984). In order to be such a licensed abstractor, an individual must be eighteen years of age, be of good moral character, not have been convicted of a felony or crime of moral turpitude, have passed a test, and be bonded in certain amounts. See, 74 O.S. 227.14, 74 O.S.227.25 (1984).
For those individuals or entities who satisfy all statutory preconditions, certain obligations and rights have been set forth by the Legislature. The provisions of 74 O.S. 227.23 (1984) are particularly relevant to the questions propounded. 74 O.S. 227.23 provides:
 "A. Any person, firm, corporation, or other entity holding a valid abstract license or permit, or any abstract licensee affiliated with such person, firm, corporation, or other entity, shall:
 "1. have free access to the instruments of record affecting real property filed in any city, county, or state office;
 "2. be permitted to make such memoranda, notations, or copies of such instruments of record;
 "3. occupy reasonable space with equipment for that purpose during the business hours of such office;
"4. make and prepare abstracts;
 "5. compile, post, copy, and maintain his books, records, and indexes.
 "B. The records in any city, county, or state office shall not be taken from the office to which they belong, for any reason, except that records may be taken from the office of the district court clerk by an abstractor who is doing business within that county and has an approved bond on file with the county clerk for a period of time not to exceed twenty-four (24) hours after first giving proper receipt to the appropriate clerk or deputy.
 "C. An abstractor shall have the right of access to any instrument filed of record in a county office, not later than the close of business of the first business day following the day of filing. There shall be no fee charged for providing access to the instrument.
 "D. For purposes of this section, `access' means possession of said instrument to mechanically reproduce it, either in the office or out of the office of filing, at the discretion of the county officer having custody of the instrument, which reproduction shall be completed not later than the close of business of the first business day following the day of receipt of the document. Provided if the abstractor fails to return the files within the twenty-four-hour period, the county officer in his discretion may refuse to allow the abstractor to remove said files at a later date. Any county officer making such refusal shall send written notice of such action to the State Auditor and Inspector.
 "E. All certificates of authority or permit holders and abstract licensees shall be subject to the same obligation to protect and preserve the public records to which they have access as do the public officers who have legal custody of such records. Holders of certificates of authority or permits and abstract licensees shall be subject to the same penalties for a violation of such duty as said officers.
 "F. Reliance on the county indexes in the preparation of an abstract of title shall not be a defense of liability for an error or omission in an abstract of title."
You initially ask if a county clerk is now required to allow abstractors sufficient space in the county clerk's office to use private reproducing machinery to copy public instruments affecting realty.
Under the plain language of 74 O.S. 227.23(C), 74 O.S. 227.23(D), abstractors who have become certified under the new licensure system are guaranteed "access" to certain public instruments within a very short time frame. The term "access" means possession of an instrument to mechanically reproduce it. Id. However, this possession, at the discretion of the county clerk or other appropriate custodial officer, can be effected either in the public office, or outside of same, so long as the time limits for return of the instrument are met by the abstractor. The custodial officer, in this regard, has the discretion to separately determine how "access" will be afforded as to each individual document.
If the public custodial officer chooses to permit access to these instruments in his office, the provisions of subsection (A)(3) are triggered, and the officer must allow access to the instruments that permits the abstractor to have "reasonable space," with equipment, for the purpose of making memoranda, notes, or copies of the instrument, during normal business hours. Precisely what constitutes "reasonable space" in any case will inherently be dependent upon the facts of that situation.
As to your second inquiry, a full reading of the Abstractors Law makes it evident that a county clerk cannot require copying of these instruments by abstractors on public machinery and, further, cannot charge fees for access to these documents. Title 74 O.S. 227.23(A)(1) (1984) guarantees abstractors "free access" to these public instruments, and subsection (C) of 74 O.S. 227.23 further delineates that the "access" provided shall be without a fee.
A different situation is presented, however, by your third question. The obligation of the public officer to provide "reasonable space" and "access" to public instruments is limited to those instances where same is necessary for making memoranda, notes or copies of public instruments affecting real property. 74 O.S. 227.23(A)(1), 74 O.S. 227.23(2), 74O.S. 227.23(3) (1984). Use of a private telephone line, while somewhat related to the enumerated activities, is simply not covered by the Abstractors Law, and no obligation on a public officer in that vein is imposed. Indeed, to the extent that the use of such a telephonic connection would be the exclusive right of an abstractor or group of abstractors, same would be prohibited under Article X, Section 17 of our Constitution. See, Attorney General Opinion No. 82-109.
Your final query asks if the granting of these "access" rights to abstractors, itself, violates the provision of Article X, Section 17. Article X, Section 17 of the Oklahoma Constitution, of course, prohibits in broad terminology the use or investment of public funds to aid private enterprise. See, Lawrence v. Schellstede, 348 P.2d 1078 (Okla. 1960).
Attorney General Opinion No. 82-109 addressed the question of whether an abstractor, under former statutory provisions now repealed, could lawfully be afforded exclusive control of any space in a courthouse, to the exclusion of the public, free of charge, to conduct his business. That opinion ruled that such exclusivity violated Article X, Section 17.
A careful review of the Abstractors Law, however, unveils no such provision. Rather, public officials are given the discretion of allowing access to these instruments by abstractors in one of two manners, and, if access in the public office itself is permitted, the county clerk or other official is obligated and authorized only to provide "reasonable space" for copying, note taking, and other purposes. What is "reasonable space" will differ from case to case, and no guarantee of exclusivity of work space is intended by the statutory language.
In Attorney General Opinion No. 80-207, it was opined that county clerks have a general statutory duty to permit public inspection and copying of index and record books in their possession, subject only to their duty to protect public records from abuse or destruction, and with the only caveat that the Legislature had the discretionary ability to impose restrictions on abstractors. See, e.g., Application ofRichardson, 184 P.2d 642 (Okla. 1947).
Attorney General Opinion No. 82-109 reaffirmed this opinion, noting specifically that the right to inspect public records commonly carries with it the right to make copies, without which the right to inspect would be practically useless. In Moore v. Bd. of Chosen Freeholders ofCounty of Mercer, 184 A.2d 748,754 (N.J.Super. 1962), the New Jersey court expounded upon the right to inspect and make copies, as affected by the advent of modern reproducing technology:
 "Plaintiffs seek to photocopy by the use of modern and tested equipment, portable and compact, and well known in the public market. To ignore the efficacy and practical worth of such equipment, and to compel plaintiffs to resort to laborious and time-consuming hand copying, would substantially impair their right to inspect and copy.
 "To prohibit photocopying with proper equipment is to ignore the significant progress which our generation has witnessed. Photocopying is an everyday procedure in business and professional offices, large and small. Plaintiffs cannot be restricted to the use of pen, pencil and pad. Were we to accept the reason defendants advance for denying the right to photocopy, then it might well be said that a records custodian in past day could, with equal justification, have insisted that the interested citizen use quill instead of pen, or pen instead of typewriter.
 "The only limitations upon the use of photocopying equipment must be that such equipment does not occupy an unreasonable amount of working space or unreasonably interfere with the regular routine of the office involved and that its performance be such as not to damage or impair the physical records themselves or their contents."
The new Abstractors Law, rather than providing for some exclusive, publicly supported property right, merely clarifies and codifies an already existing judicial rule that the right to inspect equates with it the right to copy, and affirms that reasonable space must be afforded, within the guidelines set forth, for the use of modern technology of proven reliability and safety. While a violation of Article X, Section 17 may be evident in fact in some scenarios, such considerations are beyond the scope of this review.
It is, therefore, the official opinion of the Attorney Generalthat:
 1. A county clerk, under the provisions of the Oklahoma Abstractors Law, 74 O.S. 227.10 et seq. (1984), and specifically 74 O.S. 227.23 thereof, has discretionary authority to determine whether to give abstractors "access" to public instruments affecting real estate in his office or outside of his office. This discretion extends to a separate determination as to each document. If access is afforded within the public office, the abstractor must be afforded "reasonable space" to make memoranda, notes and copies of such instruments, with his own equipment, at no fee. What constitutes "reasonable space" is a factual question dependent upon the facts of each case.
 2. Under the Oklahoma Abstractors Law, 74 O.S. 227.10 et seq. (1984), a county clerk may not require that all copies of public instruments affecting realty made by abstractors be reproduced on county reproducing machinery, at a fee. A county clerk may not charge an abstractor for "access" to an instrument in his custody.
 3. The Oklahoma Abstractors Law, 74 O.S. 227.10 et seq. (1984), does not require a county clerk to permit an abstractor or group of abstractors to maintain a private telephone line in his office.
 4. The Oklahoma Abstractors Law, 74 O.S. 227.10 et seq. (1984), on its face, does not violate the provisions of Article X, Section 17 of the Oklahoma Constitution.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
MICHAEL SCOTT FERN, ASSISTANT ATTORNEY GENERAL DEPUTY CHIEF, TORT CLAIMS DIVISION